WALTER F. HINCKLEY AND OTHERS *vs.* JOHN BREEN AND ANOTHER.

New Haven Co., Dec. T., 1886. PARK, C. J., CARPENTER, PARDEE, LOOMIS and GRANGER, Js.

A proceeding in equity is not an appropriate remedy for the trial of a title to an office. Such a title can be tried only on a writ of *quo warranto* or a proceeding in the nature of such a writ.

The Practice Act has made no change in the law in this respect.

In a controversy between individuals as to the right to the office of com-

mittee-men of a school district, the district has as such no interest and need not be made a party.

But a proceeding to restrain individuals who are in possession of the office of committee-men from making contracts in the name of the district, should be brought by the district or by persons who are tax-payers of the district.

[Argued January 21st—decided February 25th, 1887.]

SUIT for an injunction to restrain the defendants from acting as a school district committee; brought to the Court of Common Pleas of New Haven County and heard before *Deming, J.* Facts found and judgment rendered for the defendants, and appeal by the plaintiffs. The case is sufficiently stated in the opinion.

*G. Hine* and *H. C. Baldwin,* for the appellants.

*C. W. Gillette* and *W. Kennedy,* for the appellees.

CARPENTER, J. The plaintiffs brought this suit as a committee of a school district. The defendants claim to be committee-men of the same district. It is conceded that Hinckley was duly elected and was entitled to the office. The other plaintiffs received less than a majority of the votes cast at the annual district meeting, but were declared elected by the moderator and the meeting adjourned without day. The defendants upon application duly made were appointed by the board of school visitors to fill the supposed vacancies. This suit was brought to restrain the defendants from acting as members of the committee.

The defendants in their answer deny some portions of the complaint, and set up the proceedings of the district at its annual meeting and the proceedings which resulted in their appointment by the board of school visitors.

To this answer the plaintiffs demurred. The demurrer was overruled and the court proceeded to try the case on its merits. The court made a finding of facts and dismissed the complaint on the sole ground that the plaintiffs had

misconceived the form of action. The plaintiffs appealed. A more particular reference to the facts is unnecessary.

We think the plaintiffs upon the undisputed facts are not entitled to a judgment.

Before the Practice Act it is very clear that title to an office could only be tried on a writ of *quo warranto*, or proceedings in the nature of *quo warranto*. A bill in equity was not an appropriate remedy. The Practice Act has wrought no change in the law in this respect. Neither plaintiffs nor defendants have any personal interest in the matter in controversy except as the right to an office is involved; and as to that right one of the plaintiffs has no interest, for his title to the office is undisputed. The party beneficially interested in procuring the injunction is the district; and the district is not a party. If the object of the suit therefore was to save the equitable and beneficial rights of the district by preventing rival parties, each claiming to represent it, from making contracts in its name, the suit should have been brought by the district, or perhaps by a tax-payer of the district. The action as it stands seems to confuse the interests of the district with the interests of individuals— matters quite distinct in their nature, and which should not be confounded. We may however disregard the interests of the district, for it is evident that the object of the suit is to permanently restrain the defendants from acting as members of the committee. They might perhaps for special reasons be enjoined temporarily while their title to the office is being tried, but a permanent injunction would be issued only after it had been determined that they were not entitled to the office, and in that issue the district as such is not legally concerned. That, as we have said, aside from the Practice Act, can only be determined by a writ of *quo warranto*, or proceedings of that nature.

Has the Practice Act changed the law? We think not. That act expressly provides that those sections which unite legal and equitable remedies in one form of action, and authorize the court to administer law or equity as the case may require, shall not affect " flowage petitions, or proceed-

ings of bastardy, replevin, summary process, *habeas corpus, mandamus*, prohibition, *ne exeat, quo warranto* or in the nature of *quo warranto*, forcible entry and detainer, &c." The writ of *quo warranto*, or proceedings of that nature, therefore, must now, as heretofore, be resorted to in all cases to which it is applicable. A bill in chancery cannot be substituted for it.

Some questions of evidence were raised on the trial, but as they cannot affect the result we have no occasion to consider them.

There is no error in the judgment complained of.

In this opinion the other judges concurred.