WILLIAM E. THOMPSON vs. ALEXANDER TROUP.

Third Judicial District, New Haven, June Term, 1901.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A city charter and the rules adopted under it forbade the removal of
persons employed in clerical work in any department of the city,
"except for sufficient cause, duly shown." The plaintiff was em-
ployed in the department of public works as "examiner of rec-
ords" relating to transfers of city real estate, and made such
abstracts thereof as were needed by any of the departments. This
work required special knowledge but not a technical or professional
education. Having been removed without any assigned cause, the
plaintiff sought to be reinstated by mandamus. Held:—

1. That the trial court was fully warranted in finding that the plaintiff
   was to be classed as a clerk, notwithstanding his title of "examiner
   of records."

2. That inasmuch as a sufficient cause for the removal was to be "duly
   shown," the plaintiff was entitled to a hearing before his removal;
   and as none was given, the order of removal was, by the terms of
   the charter, null and void.

3. That the belief of the director of public works in the plaintiff's in-
   efficiency did not justify his removal without notice.

Mandamus is a proper remedy to reinstate an employee who has been
   discharged in violation of the civil service law.

The writ in such case should, however, issue in the name of the State
   at the relation of the applicant.

A judgment file which contains no finding of the facts in issue is seri-
   ously defective.

Argued June 14th—decided July 23d, 1901.

APPLICATION for a writ of mandamus requiring the re-
spondent to restore the petitioner to his position as clerk in
the department of public works in the city of New Haven,
brought to the Superior Court in New Haven County and
tried to the court, *Ralph Wheeler, J.*; facts found and judg-
ment rendered in favor of the petitioner, and appeal by the
respondent for alleged errors in the rulings of the court.
*No error.*

The following facts appeared from the finding: William
E. Thompson, the applicant for the writ of mandamus, was
appointed in 1893 a clerk in the department of public works

of the city of New Haven, with the title of "examiner of records." His special duties were to examine the public records of transfers of real estate situated within the city, and make such abstracts of titles as the needs of the city government in any of its departments might require, and also to be in the office of the department of public works daily, during the noon hour, to answer questions and telephone calls.

While occupying this position in 1899, a new city charter was enacted, putting the department of public works under the charge of a director. He was to "appoint such clerical assistance as may be necessary for said department," and it was to be "the duty of said clerk or clerks to perform the clerical work of said board, and act as clerk of the department of compensation, and also to examine all transfers of real estate within the boundaries of said city which are matters of public record, and to make and preserve for the use of the department or board, and for the use of all officers of said city, such abstracts of titles to real estate as may facilitate the work of such department or board, or the work of any other department or officer of said city, and perform such other duties as may be by ordinance prescribed." A civil service board was also constituted by this charter, with power to make rules as to appointments to all minor positions, and it was provided that "no removals shall be made of persons holding positions in any department of the city, subject to the provisions of such rules, except for sufficient cause duly shown, which cause shall not be political." This board made rules to which were subjected, among others, "secretaries, clerks, copyists, bookkeepers, stenographers, typewriters, and all persons engaged in clerical work in any department of the city. These are subdivided into two sections: 1. Those doing purely clerical work, not involving any special technical skill. 2. Those requiring special knowledge, such as bookkeepers, stenographers, typewriters." Another class of officials, described as "Surgeons and physicians, civil engineers, electricians, attorneys, librarians, and all persons requiring technical or professional education employed in any

department of the city, excepting the regularly uniformed force of the police and fire departments," were expressly excluded from the operation of the rules.

Thompson never received any technical or professional education, but had special knowledge enabling him fully to discharge his official duties, and he was discharging them efficiently when, in 1899, the director removed him, assigning no cause.

No cause of removal was set up in the return, but there was a denial of the allegation in the alternative writ, that it was made " without sufficient cause not political, duly shown." Two sufficient causes not political were claimed at the hearing in the Superior Court, as to which the parties were heard, and it was found that they had no existence in fact.

*A. Heaton Robertson*, for the appellant (respondent).

*Edmund Zacher*, for the appellee (petitioner).

BALDWIN, J.    The position held by the applicant in the department of public works was of a clerical nature.  It could only be filled by one having special knowledge ; but that he had.  The performance of its duties did not require any technical or professional education, and the trial court was fully warranted in finding that he was to be classed as a clerk, notwithstanding his title of " examiner of records."

It follows that he could only be removed " for sufficient cause duly shown, which cause shall not be political."

By the words " duly shown," it is implied that opportunity shall be given before the removal for a hearing as to the sufficiency of the cause.  *Fisher, Brown & Co.* v. *Fielding*, 67 Conn. 91, 103.  None having been afforded, the order of removal, under § 120 of the charter, was " null and void."

The Superior Court therefore properly overruled the claim, that if the director of public works believes one of his clerks to be inefficient, he can remove him without notice.  His general power of appointment, had it been allowed to stand without qualification, would naturally imply a power

of removal equally broad. *Parsons* v. *United States*, 167 U.S. 324. But this implication is controlled by the provisions for establishing a civil service. One main object of these was to limit the exercise of an authority so liable to abuse, and thus secure minor officials from subjection to influences of fear or favor, so long as they discharge their duties well, and do nothing to disgrace their public station.

After the civil service rules were adopted, no clerk in the department of public works could be appointed, except upon examination (Charter, § 119). It is argued that the applicant was virtually reappointed, by being permitted to hold over, and so was properly removed, because he was never examined. No such claim was made in the trial court, or raised by the appeal.

It is also contended that mandamus is not the proper form of remedy. Inasmuch as the controversy is one as to the right to a municipal office of trust and profit, by virtue of a system established by law to maintain a proper civil service, this objection is without foundation.

Exception might well have been, but was not, taken to the issue of the writ in favor of the applicant, instead of in the name of the State, at his relation. *State* v. *Towers*, 71 Conn. 657, 663.

The judgment file, after describing the pleadings, proceeds as follows : " The court having fully heard the parties, it is adjudged and decreed that a peremptory writ of mandamus issue, requiring," etc. No finding of the facts in issue is made, except in the special finding (to which there is no reference) prepared for the purpose of the appeal. This is a grave defect. Every judgment file should show upon its face what is the foundation of the judgment. *Scholfield G. & P. Co.* v. *Scholfield*, 70 Conn. 500. As, however, no reason of appeal is assigned for this cause, we mention it only to recall to the attention of clerks and of the bar the extreme importance of having judgment files properly prepared.

There is no error.

In this opinion the other judges concurred.