GEORGE E. McDERMOTT vs. THE CITY OF NEW HAVEN.

Third Judicial District, New Haven, January Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

The charter of the city of New Haven (13 Special Laws, p. 407, § 60), gives the chief of the police department power to suspend, without pay, any member provided, however, that no suspension shall be continued for more than ten days without action by the police commissioners after a hearing upon charges preferred in writing, a copy of which shall be left with the member at least forty-eight hours in advance. *Held:*

1. That the suspension of the plaintiff, initiated by the chief and continued by vote of the commissioners during a period of more than two months until his final expulsion from the department, but without the charges and hearing prescribed by the charter, was invalid after the expiration of ten days.

2. That the plaintiff, being a public officer whose right to compensation was attached to his office and was not dependent upon the amount or value of any services rendered by him, was entitled to recover the salary accruing during the period of his wrongful suspension.

3. That the finding of the trial court that the plaintiff had not abandoned his office, despite his failure to offer his services after his nominal suspension, was conclusive; nor did that failure constitute a defense since, under the circumstances, such a tender would have been a mere futility and, therefore, not required by the law.

Argued January 26th—decided February 28th, 1928.

ACTION to recover compensation alleged to be due the plaintiff as a police officer of the defendant city, brought to the Court of Common Pleas for New Haven County and tried to the court, *Booth, J.;* judgment for the plaintiff, and appeal by the defendant. *No error.*

*Louis Feinmark,* with whom, on the brief, was *Samuel A. Persky,* for the appellant (defendant).

*Kenneth Wynne* and *Thomas R. Robinson,* for the appellee (plaintiff).

MALTBIE, J.   The plaintiff brings this action to re-
cover salary claimed to be due him as a police officer
of the defendant city.   On December 21st, 1926, he
was suspended, without pay, by the chief of the police
department, by virtue of authority conferred upon him
in the city charter.   The chief reported this action to
the board of police commissioners in writing, and on
January 3d, 1927, it voted to continue the suspension.
On February 7th, 1927, on recommendation of the
chief, the board again continued it.   On March 7th,
1927, the plaintiff was dismissed from the department.
The trial court rendered judgment for him to recover
salary for the period beginning ten days after his sus-
pension by the chief and ending with his dismissal, and
the defendant has appealed. ·

The defendant's charter provides that the chief' of
the police department shall assign to duty all mem-
bers of it and it also gives him power to suspend, with-
out pay, any member "provided, however, that no such
suspension shall be continued for a period of more than
ten days without affirmative action by the commis-
sioners of his department, which action shall not be
taken until after a hearing upon charges preferred in
writing; a copy of such charges shall be left with said
officer at least forty-eight hours prior to the time fixed
for such hearing."   Charter of the City of New Haven,
§60; 13 Special Laws, p. 407.  There is no pretense
that there was in this case any compliance with the
limitations upon the powers of the commissioners
which require a hearing upon charges preferred in
writing, served upon the officer at least forty-eight
hours prior thereto.   There was then no valid suspen-
sion of the plaintiff after the initial action of the chief.
*State ex rel. Rylands* v. *Pinkerman,* 63 Conn. 176, 193,
28 Atl. 110; *State ex rel. Hosford* v. *Kennedy,* 69 Conn.
220, 226, 37 Atl. 503; *Thompson* v. *Troup,* 74 Conn.

121, 123, 49 Atl. 907; *Sullivan v. Martin,* 81 Conn. 585, 591, 71 Atl. 783. That under the circumstances the plaintiff ought to have been suspended and that the same result might have followed had these limitations been complied with, furnish no excuse for the disregard of the plain mandate of the charter.

Police officers of the defendant city are public officers. *McDonald* v. *New Haven,* 94 Conn. 403, 411, 109 Atl. 176. The salary provided by law for a public officer does not arise out of contract and is not dependent on the amount and value of the services rendered, but it belongs to him because the law attaches it to the office he holds. *Sibley* v. *State,* 89 Conn. 682, 685, 96 Atl. 161. It is generally held that where a public officer is wrongfully suspended or expelled, he is entitled to recover the salary accruing during the period he is thus unlawfully removed from his office. *Emmitt* v. *New York,* 128 N. Y. 117, 28 N. E. 19; *Fitzsimmons* v. *Brooklyn,* 102 N. Y. 536, 538, 7 N. E. 787; *Newberry* v. *Smith,* 157 Mich. 181, 121 N. W. 746; *State ex rel. Chapman* v. *Walbridge,* 153 Mo. 194, 54 S. W. 447; *Andrews* v. *Portland,* 79 Me. 484, 491, 10 Atl. 458; note, Ann. Cas. 1918B, 442.

The contention of the defendant that the plaintiff abandoned his office is answered by the finding that he did not do so. The only fact found to support this contention is that, though the plaintiff was at all times ready, able and willing to perform his duties, he never reported or offered to report for duty; but the nominal suspension actually operated to prevent him from acting in the capacity of a police officer; *Phillips* v. *Boston,* 150 Mass. 491, 492, 23 N. E. 202; and the conclusion of the trial court, being one of fact and not unreasonable, illogical or contrary to law, must stand. *Chatfield Co.* v. *O'Neill,* 89 Conn. 172, 175, 93 Atl. 133; *Wardlaw* v. *New York,* 137 N. Y. 194, 33 N. E. 140;

*People ex rel. Dineen* v. *Bradford,* 267 Ill. 486, 493, 108 N. E. 732. That he did not actually offer to perform services is no defense to the city. If justification for his failure to do so is needed, it is found in the fact that he was at all times under a nominal suspension, that when the chief first acted in the matter, he took from him his badge of office and never offered to return it, and that under the provisions of the charter to which we have referred the burden of assigning him to duty rested upon the chief. Obviously a tender of services would have been unavailing and the law does not require an act which would be a mere futility. *Tracy* v. *O'Neill,* 103 Conn. 693, 699, 131 Atl. 417.

There is no error.

In this opinion the other judges concurred.