Coös,
March 3, 1931.

AMEDÉE LABONTÉ *v.* BERLIN.

SAME *v.* PERLEY CHURCHILL & *a.*

*Ovide J. Coulombe* and *Ira W. Thayer* (by brief and orally), for the plaintiff.

*Matthew J. Ryan* and *Crawford D. Hening* (by brief and orally), for the defendants.

ALLEN, J. I. The plaintiff is entitled to recover for his salary from August 27, 1928, to September 24, 1928. No order of suspension was then in force, and the order of renewal had no retroactive effect. As he was a regular officer, the fact that no work was assigned to him during the period is immaterial, thus differing from the case of a special officer. The exception to the allowance of salary is accordingly overruled as to the part of it thus accrued.

II. The action was brought prior to June, 1929. Recovery in it for any salary accrued after the date on which it was brought cannot

be allowed. It is not an action for breach of contract terminated by the breach. If it were, it would not be maintainable. *Gibbs* v. *Manchester*, 73 N. H. 265. It is for salary claimed to be payable as though the suspension had not been re-established. Hence the exception to the allowance of salary is sustained as to such part of it. *Hilliard* v. *Bothell*, 64 N. H. 313, 314; *Ackerman* v. *Middleby*, 75 N. H. 576, and cases cited. In the action the court had no jurisdiction of the subject-matter of such salary and could not acquire it by agreement or estoppel of the parties. *Mansfield* v. *Holton*, 74 N. H. 417, 421.

III. The order of September 24 renewing the suspension determined the plaintiff's status as a suspended officer. If the suspension was legal, it meant loss of salary during its period. *Shannon* v. *Portsmouth*, 54 N. H. 183, 184. The suspension was without hearing. Whether a suspension without hearing may be attacked collaterally or whether it must be set aside by *certiorari* before action for salary can be brought, is a question presented. The action was brought while the order remained unvacated.

In *Shannon* v. *Portsmouth, supra,* it was held that the legality of the suspension there considered could not be determined in the officer's action for pay during the suspension. The suspension followed a hearing, and was clearly a judicial act in the nature of a judgment. It was a case of a public duty to "pass upon evidence and decide." *Sweeney* v. *Young*, 82 N. H. 159, 161, and cases cited. The decision is in line with the cases in which the general principle is laid down that the judgments of administrative tribunals are not subject to collateral attack. *State* v. *Corron*, 73 N. H. 434, 435, and cases cited; *State* v. *Stevens*, 78 N. H. 268, 270.

But the suspension here was without hearing. It was not for that reason illegal, as will appear later. But in view of its *ex parte* character it is not to be regarded as a judicial act. While the commission considered the information they had and made a decision, the plaintiff had no right to a trial and no right to appeal from the decision and thereby obtain a full hearing as a matter *de novo*. The order was therefore not a judgment. But it was a valid exercise of administrative power and the rights of the plaintiff were affected in consequence of it. *State* v. *Corron, supra,* 462. He was bound by it as though he had the right of hearing.

Although it was only executive action, yet as an administrative determination of rights, the result was to take away the plaintiff's right to active service and to give him an altered status. If the action was lawful, he lost his right to salary. If, aside from the ques-

tion of power and jurisdiction, it was unlawful, yet the suspension barred the right to salary until it was vacated. Until then the status of suspension continued and measured his rights.

The action for salary is not against the commission. If the legality of the order may be passed upon in the action, the result is the anomalous situation of an order unattacked in respect to its enforcement by the commission but held invalid collaterally in an action to which the commission is not a party. As long as no proceeding is brought to vacate the suspension, the plaintiff accepts its validity to bar him from service, and if it is thus valid, he has no right to compensation. He may not call it effective in barring him from service and at the same time treat it as ineffective in barring him from pay. He may not separate the suspension into a valid part relieving him from the burdens of his office and an invalid part giving him its benefit. "A reasonable compliance with the ordinance therefore required the plaintiff to go further, and show not only that he was ready and willing to perform the duties of his office during the period of removal, but that he had seasonably taken steps to bring about his reinstatement and had been reinstated." *Gibbs* v. *Manchester*, 73 N. H. 265, 269. While the plaintiff here has sought to have the suspension removed, it remains that his action for salary was brought before its removal. Every reason that supports the rule against collateral attack of a judgment is to be found in the case of an order like that under consideration, conceding that it may have only administrative character. The reason of the rule for the avoidance of conflict and confusion is as pertinent in such a case as in its general application.

While *certiorari* may not in general lie as appropriate procedure to test the legality of administrative acts not having the attributes of judgments, yet it is a proper and well established remedy for unlawful removal from office. 5 R. C. L. 263. It would seem inconsistent with the views of pleading prevailing here (*Boody* v. *Watson*, 64 N. H. 162, 171; *Gage* v. *Gage*, 66 N. H. 282, 293; *Walker* v. *Walker*, 63 N. H. 321, 322) that the legality of suspension may not thereby be tested when that of removal may be. Difference in the character of the acts is not enough to call for difference in the form of procedure when it is suited for the purpose and is not restricted by any positive rule imposed by statute or substantive law.

On the inquiry whether the commission acted within its powers in suspending without notice, summary suspension of police officers is proper. *State* v. *Board &c. of Logansport*, 170 Ind. 133; *State* v. *Police Commissioners*, 16 Mo. App. 48; *State* v. *Megaarden*, 85 Minn.

41; *Chace* v. *City Council of Providence,* 36 R. I. 331. "The suspension of an officer, pending his trial for misconduct, so as to tie his hands for the time being, seems to be universally accepted as a fair, salutary, and often necessary incident of the situation." *State* v. *Police Commissioners, supra,* 50. It would seem the better view to regard it as independent of the power of removal. It arises as incidental to the authority to make rules and regulations and to maintain efficiency and discipline. It lacks the element of vacancy in office created by removal and is more subsidiary to continuance in office than to separation from it. It is a supervisory act rather than a discharge, and is either a disciplinary punishment for misconduct or a measure in the avoidance of disturbance, as the case may be.

An act relating to the commission (Laws 1913, *c.* 148) gives it "authority to remove any officer at any time for just cause and after due hearing" and "full power to make all rules for the government of the police force" and to enforce them. One rule adopted in pursuance of the act provides for an officer's reprimand, suspension or dismissal on conviction of any of a number of offenses, of which immoral conduct is enumerated as one. This rule is not construed as an exclusive test of an officer's liability to suspension. It was not a condition of service that suspension should only follow conviction. Time between the commission of an offense and conviction for it is often quite extended, and to give an officer full standing in the period might seriously impair discipline and injuriously affect the authority both of the commission and of the police force. In the nature of things efficiency might be disturbed, and it is not to be assumed that the rule was meant to permit a situation that would hurt instead of help.

The plaintiff accepted and held his office subject to all of its incidents, of which suspension without a hearing was one. Such a suspension did not disregard due process of law. A statute authorizing removal without hearing would not be void. *Wilson* v. *North Carolina,* 169 U. S. 586.

When as here removal without hearing is not permitted, a suspension without hearing must not be so extended as to be in practical effect a removal. But indefiniteness of the term of suspension is not enough to make it illegal. It must be indefinitely protracted without reasonable cause. A suspension pending the outcome of serious charge in another tribunal may be lawful, although the element of indefiniteness is present. As conceded by plaintiff's counsel, the rule of reason is to measure the rightful character of the suspension.

The commission having acted within its powers, there is no right to salary until its action is vacated. It follows that recovery in the action here must also be limited to the salary accrued prior to the order in renewal of the suspension.

IV. But the legality of the suspension has been argued, and to avoid further litigation it has been considered. The petition for *certiorari* is transferred, and at the hearing on it the suspension was held illegal. It was dismissed because of the plaintiff's valid removal from office after it was entered, and in disregard of the necessity of a decree vacating the suspension before action for the salary could be brought. On application justice would seem to require it to be reopened. The parties have had a full and fair presentation of the evidence upon the issue, and the exception in the action to the ruling that the suspension amounted to a removal may be regarded as transferred in the transfer of the petition. *Dinsmore* v. *Mayor and Aldermen*, 76 N. H. 187, 190, 191. The plaintiff was suspended because the commission thought that the good of the service required it. Unless the order was necessarily unreasonable as amounting in effect to a removal without a hearing, it may not be vacated. The action of the commission was proper if they acted in reason and under the law. The rule of reason is to be here applied under the inquiry whether the commission acted reasonably. The action taken is not to be revised or set aside if it may be held that they did thus act. The issue is not what is deemed most reasonable, but whether men acting in reason might order the suspension.

In the absence of statutes permitting appeals, the action of administrative boards in the exercise of their duties and functions is final if it can be found that their conclusion on which their action is taken could be in reason reached. Their duty is discharged if it has been fairly and reasonably performed, and their action may be set aside only when this cannot be said. "When no appeal is provided from the decision of the constituted tribunal on questions of fact properly before it, the inference is that the legislature intended that the decision should be final." *Cate* v. *Martin*, 69 N. H. 610, 613. And the principle has even greater force when hearing is neither required nor given. There being no right of hearing, even more is no right of appeal to be implied.

In matters involving judgment and discretion *mandamus* to compel action and *certiorari* to vacate action have the same underlying theory. Performance of the duty may be ordered with direction how to discharge it, but not with instruction as to the conclusion to be reached.

And the duty will be held properly discharged if it has been properly performed, regardless of the conclusion reached. Under any other theory courts would have advisory as well as supervisory authority to direct administrative functions. Unless the evidence shows that the conclusion could not have been reasonably reached, the action taken will not be held invalid. If duty is performed, its achievement is lawful. *Sheehan* v. *Mayor &c.*, 74 N. H. 445, 446; *Hagerty* v. *Shedd*, 75 N. H. 393, 396; *Cate* v. *Martin*, 69 N. H. 610; *State* v. *Corron*, 73 N. H. 434; *Covey* v. *Robinson*, 84 N. H. 439.

Thus considered, the commission's action in renewing the suspension may well be found reasonable. The plaintiff had been charged with an offense, proof of which demanded his removal. The seduction suit against him revived the charge. While it was pending in court, the commission might regard a hearing upon the merits of the charge as unwise. A hearing sustaining the charge would tend to prejudice him in his defence of this suit. A hearing dismissing the charge would mean his retention in service while the suit remained unsettled and kept him under a cloud. The commission had the primary duty of maintaining the police force as an enforcement agency of law and order. Its authority, standing and spirit were not to be lowered or weakened by holding doubtful men in active service. Dismissal of the charge would not remove the doubt as long as the suit remained pending. The charge was not regarded as groundless. Adjustment of the considerations between an effective police force and fairness to the plaintiff by renewal and continuance of the suspension does not appear such a solution of the problem that reasonable men must necessarily reject it as unsuitable, even if the plaintiff sought a hearing. The suspension was not necessarily unreasonable.

If there was undue delay after the disposal of the seduction suit in giving the plaintiff a hearing, it did not relate back to affect the previous period of the suspension. The nonsuit in the suit was not the outcome of a trial but a withdrawal of the suit by the plaintiff who brought it. The merits of the charge remained in doubt. It does not appear when the commission was first notified of the withdrawal. But the charge presented by the marshal apparently laid dormant for over a month before an order for hearing on it was issued. If the inaction was too long to be justifiable, the suspension must be regarded as unlawful during the delay. But it may not now and here be passed upon. Whether it could be found reasonable as distinct from the character of the suspension in its entirety, appears to be an

issue not heretofore presented and on which justice may require the introduction of further evidence. The trial court should first deal with it.

*Exceptions sustained except as limited.*

All concurred.