CLARKE M. FRASER *v.* THE CITY OF NORWICH.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued December 2, 1941—decided January 9, 1942.

*Orrin Carashick,* for the appellant (defendant).

*Josiah Greenstein,* for the appellee (plaintiff).

MALTBIE, C. J.   The plaintiff, a police officer of the defendant city, brought this action to recover compensation for a period during which the defendant claimed that he was under suspension and so not entitled to any pay.   The trial court gave judgment for the plaintiff and the defendant has appealed.   The charter of the city provides that police officers hold office during good behavior, or until removed by the court of common council.   18 Special Laws 120.   A city ordinance provides that the chief of police may suspend any policeman for a period which shall not exceed twenty-four hours unless within that time he shall notify the board of police commissioners in writing of the suspension, that after notice to the accused the board shall hold a hearing and that it "may continue the suspension, . . . or restore him to duty"; also that in all cases where the suspension is continued, the officer shall be deprived of his pay.

The following facts are found:   On December 25, 1939, the chief of police suspended the plaintiff, a patrolman, on the charge that he was found intoxicated while on duty.   The chief forthwith notified the board of police commissioners and they held hearings on January 5, 1940, and January 9, 1940.   At the latter hearing the plaintiff was found guilty and the board voted to bring a complaint to the common council recommending that the plaintiff be dismissed.   The plaintiff was notified of this action.   At neither hearing did the board continue the suspension of the plain-

tiff made by the chief. On February 19, 1940, the common council conducted a hearing on the charges and on May 6, 1940, voted to reinstate the plaintiff. On May 7, 1940, the chief assigned the plaintiff to duty.

The issue is, did the board "continue" the suspension of the plaintiff by the action it took? The finding of the trial court that the board did not continue the suspension is attacked by the defendant as a conclusion. It is stated, however, among the subordinate facts and so is prima facie a finding of a primary fact and not a conclusion. *Howe* v. *Watkins Brothers,* 107 Conn. 640, 645, 142 Atl. 69. As such it means no more than that the board did not formally vote to suspend him. The conclusions of the trial court, stated in the second part of the finding, are that the board took no action sufficient to continue the suspension and it was not continued in accordance with the provisions of the ordinance.

The board, by the terms of the ordinance, had two courses open to it, to continue the suspension or restore the plaintiff to duty. It found him guilty and voted to present charges against him to the court of common council. It did not vote to restore him to duty. The only reasonable construction which could be placed upon that action was that the suspension was continued during the pendency of the charges against him. In accordance with the assignments of error in the finding, we add that the plaintiff himself understood that he was not restored to duty, and the necessary concomitant of that is that he understood that his suspension was continued. Our conclusion is that the board did in effect, though not formally, continue the suspension of the plaintiff, and that under the circumstances he is not entitled to the compensation sought.

There is error, the judgment is set aside and the case is remanded with direction to enter judgment for the defendant.

In this opinion AVERY, BROWN and ELLS, Js., concurred.

JENNINGS, J. (dissenting). The ordinance provides that when the board continues the suspension, the officer shall be deprived of his pay. The trial court found that the board did not continue the suspension. This finding was not assigned as error and in the 'absence of such an assignment, no attack thereon can be considered. *Lanna* v. *Konen*, 119 Conn. 646, 649, 178 Atl. 425; Conn. App. Proc., § 103. The result was the same under the former practice of a motion to correct the finding. *Hine* v. *McNerney*, 97 Conn. 308, 310, 116 Atl. 610. As long as this fact remains in the finding, I am unable to see how the conclusion that he was entitled to his pay can be held erroneous. *McDermott* v. *New Haven*, 107 Conn. 451, 452, 140 Atl. 826. As the trial court said, "Such a stoppage [of pay] does not arise out of the suspension but out of its continuance by the board." I am therefore unable to agree with the majority.