JOHN E. HOLLEY *v.* ARTHUR M. McDONALD ET AL.

KING, C. J., ALCORN, HOUSE, COTTER and THIM, Js.

Argued October 7—decided November 23, 1966

*Peter Marcuse,* for the appellant (plaintiff).

*Raymond J. Quinn, Jr.,* corporation counsel, with whom, on the brief, was *John F. Phelan,* assistant corporation counsel, for the appellees (defendants).

KING, C. J. The complaint alleges that on March 29, 1963, the defendants, acting in their capacity as the board of police commissioners of the city of Waterbury, hereinafter sometimes referred to as the board, after notice and hearing, dismissed the plaintiff from his position as a patrolman and notified him of their action. The plaintiff thereupon instituted an appeal to the Superior Court.

The appeal to the Superior Court, on a motion to erase, was dismissed for lack of jurisdiction of the subject matter. General Statutes § 52-7. No appeal was taken from that decision. See *Riley* v. *Board of Police Commissioners,* 145 Conn. 1, 6, 137 A.2d 759; *Willard* v. *West Hartford,* 135 Conn. 303, 305, 63 A.2d 847. Therefore we need give it no further consideration.

Thereafter, the plaintiff instituted the instant action in the Court of Common Pleas, seeking (1) a mandatory injunction requiring the board to reinstate him in his former position, and (2) "[m]onetary damages in the amount of $10,000.00". The defendant interposed a plea in abatement, which, in effect, was a plea to the jurisdiction under Practice Book § 93. It was based on two main grounds: (1) The plaintiff failed to avail himself of the right of appeal to the Court of Common Pleas (under General Statutes § 52-7) within the thirty days allowed. (2) Mandatory injunctive relief reinstating the plaintiff in office is a type of relief not available to him. From a judgment abating the action, the plaintiff took the instant appeal.

No claim has been made, and indeed there is no basis for any, that the plaintiff is not a public officer. The title to public office is a legal rather than an equitable question, and therefore equity does not act to restrain or relieve against proceed-

ings for the removal of public officers. *Bartlett* v. *Rockville,* 150 Conn. 428, 430, 190 A.2d 690, and cases cited; 42 Am. Jur., Public Officers, § 144. Indeed this rule has been the recognized law of Connecticut since at least as far back as 1887. *Hinckley* v. *Breen,* 55 Conn. 119, 120, 9 A. 31.

In support of his contention that the Court of Common Pleas may properly grant him the equitable relief he seeks, the plaintiff relies on *Tremp* v. *Patten,* 132 Conn. 120, 42 A.2d 834; *Riley* v. *Board of Police Commissioners,* 147 Conn. 113, 157 A.2d 590; and *Bartlett* v. *Rockville,* supra, 431. None of these cases supports his position or overcomes the settled rule denying equitable relief. Neither in the *Tremp* case nor in the *Riley* case was any equitable relief given. In each, judgment was rendered for the defendant.

In the opinion in the *Bartlett* case there is language on page 431 concerning the *Tremp* and *Riley* cases on which the plaintiff has seized, and which he claims holds that in any case where an attempt to appeal to the Superior Court fails because it was taken to the wrong court, an equitable, injunctive action lies in the Court of Common Pleas to afford the review and redress which the plaintiff would have had if he had taken a proper appeal to that court. Obviously this dictum was not intended to receive the construction which the plaintiff has put upon it. If the language were fairly susceptible of such an interpretation, we could not follow it. One cannot, by ignoring established, available procedure, acquire equitable rights which he would not otherwise have. The actual holding in the *Bartlett* case clearly follows the general rule denying a right of equitable intervention in actions involving the title to public office. And the rule applies whether there

is, or is not, a statutory right of appeal from the action of an administrative body or commission in suspending or dismissing a public officer. Id., 430. The court below was correct in holding that the equitable relief sought was not available to this plaintiff under established equitable principles.

Technically, both parties and the court below seem to have confounded the jurisdiction or power of the Court of Common Pleas to grant the plaintiff the equitable relief demanded with its right so to do under established equitable principles. The confusion seems to have arisen from the use of the ambiguous word "jurisdiction" in the statement of the rule denying the right to equitable relief in a proceeding such as this. See *Bartlett* v. *Rockville, supra.*

The Court of Common Pleas has both legal and equitable jurisdiction, and it may grant legal and equitable relief in one action. General Statutes §§ 52-6, 52-1. It also has jurisdiction over appeals from the doings of municipal boards. General Statutes § 52-7. Thus, whether an ousted public officer institutes an action at law or in equity, or takes an appeal from his dismissal, the Court of Common Pleas has jurisdiction of the subject matter in issue, which is the plaintiff's right to the office, together with the power to grant any appropriate ancillary relief, provided that any money damages demanded are, as was the case here, within its jurisdiction. *Tremp* v. *Patten,* 132 Conn. 120, 128, 42 A.2d 834. In that case, the plaintiff sought an injunction, in the Court of Common Pleas, against proceedings to remove him from what was alleged to be a public office. The trial resulted in a judgment on the merits for the defendants. On appeal we held that the trial court had jurisdiction of the subject matter

of the action, and that the plaintiff's prayer for injunctive relief, although it was a type of relief not properly available in such an action, created no invalidity in the judgment in that case, since judgment had been rendered for the defendants, and, necessarily, no injunctive relief had been granted. To the same effect was our decision in *Riley* v. *Board of Police Commissioners,* 147 Conn. 113, 115, 157 A.2d 590. Cf. *Olcott* v. *Pendleton,* 128 Conn. 292, 296, 22 A.2d 633. Thus, although it would have been erroneous in the *Tremp* and *Riley* cases, as it would have been in the instant case, to have granted equitable relief, it would not have been an act beyond the jurisdiction or power of the Court of Common Pleas. The granting of such relief would be an erroneous exercise of the court's equitable jurisdiction, but it would not be an action beyond that equitable jurisdiction. *Tremp* v. *Patten,* supra. Since there was no lack of jurisdiction, the court below committed a procedural error in sustaining the plea in abatement. The defendants should have interposed a demurrer to the claim for equitable relief. Practice Book § 108; *German* v. *German,* 122 Conn. 155, 165, 188 A. 429.

A further procedural problem, arising from the inclusion of the claim for money damages, perhaps should be considered. "[W]here a public officer is wrongfully suspended or expelled, he is entitled to recover the salary accruing during the period he is thus unlawfully removed from his office." *McDermott* v. *New Haven,* 107 Conn. 451, 453, 140 A. 826, quoted with approval in *McKeithen* v. *Stamford,* 149 Conn. 619, 621, 183 A.2d 280. But such damages are recoverable only where the suspension or expulsion is wrongful. If an independent action, seeking only the recovery of money damages for the loss

of salary, is instituted, without any attempt to secure reinstatement or any direct adjudication of the wrongfulness of the suspension or discharge, as in the *McDermott* and *McKeithen* cases, in order to permit recovery of lost salary, the suspension or expulsion must have been wrongful not only in the sense that it was erroneous but also in the sense that it was void. See *McKeithen* v. *Stamford,* supra, 626. This rule obtains because an independent action seeking only recovery of lost salary amounts to a collateral attack on the determination of suspension or dismissal, and such a collateral attack, even in the case of a judgment of a court, is permissible only when the allegations of the complaint show that the judgment is not merely voidable but void. *Rathkopf* v. *Pearson,* 148 Conn. 260, 265, 170 A.2d 135; Restatement, Judgments § 7, comments a and b, and §§ 9 and 11; 1 Freeman, Judgments (5th Ed.) § 306. As hereinafter more particularly pointed out, no such allegations are in the plaintiff's complaint. Thus, to what extent a collateral attack may be made on a decision of an administrative tribunal where extrinsic evidence is necessary to show that the decision was void, we need not now determine. See *Lampson Lumber Co.* v. *Hoer,* 139 Conn. 294, 296, 93 A.2d 143; 2 Am. Jur. 2d, Administrative Law, §§ 493–495; Restatement, Judgments, p. 2; 1 Freeman, op. cit. § 397.

It necessarily follows that there can be no recovery of salary or compensation during the period of wrongful suspension or discharge, where the discharge was erroneous but not void, until its wrongfulness has been established in an appropriate proceeding. *Terre Haute* v. *Burns,* 69 Ind. App. 7, 15, 116 N.E. 604; 62 C.J.S., Municipal Corporations, § 524. Probably the best practice is to

join a claim for the recovery of lost salary as ancillary relief in an appeal or other proper proceeding for the determination of the wrongfulness of the discharge. Then if the wrongfulness is established, the loss of salary properly proven can be compensated in the form of damages. This method seems to have been adopted in *McNamara* v. *New Britain,* 137 Conn. 616, 618, 79 A.2d 819, and in *Riley* v. *Board of Police Commissioners,* 147 Conn. 113, 114, 157 A.2d 590. It appears to have been the method attempted here. It is clear from the conduct of all parties and the court below that the claim for damages was treated as ancillary to that for an equitable reinstatement so that, unless the plaintiff prevailed on his claim for equitable relief, the whole complaint would fall. There is no other reasonable explanation for the abatement of the entire action without mention by court or counsel of the prayer for legal relief in the form of money damages. Furthermore, nowhere in the entire complaint is there any allegation either of loss of salary or even suggestive of any theory on which the money damages were claimed or could be awarded. It follows that the complaint was clearly demurrable insofar as it sought recovery of money damages.

There remains the question of the proper disposition of this appeal in the light of the procedural errors in which it has become involved.

It is settled law that the parties cannot try a case under one theory and maintain an appeal on a different theory. *McNamara* v. *New Britain,* supra. In the instant case the plaintiff confined his claim in the court below, and his brief in this court, to the basic claim that the equitable remedy of reinstatement which he sought was available to him.

The claim was erroneous for the reasons already pointed out. Had the defendants properly attacked the claim for equitable relief by demurrer, they would necessarily have prevailed on that issue.

The plaintiff made no attempt to amend in the court below after the plea in abatement had been decided against him. Practice Book § 97. Instead he brought the decision up for review on appeal. Obviously, he would have pursued the same course had the defendants properly attacked the plaintiff's right to equitable relief by demurrer. Practice Book § 131; *Goldfarb* v. *Cohen*, 92 Conn. 277, 281, 102 A. 649. It would be a hypertechnical waste of judicial time and effort to remand this case for the overruling of the improper plea in abatement when the same basically correct result was achieved as would have been reached had the defendants properly filed a demurrer. Especially is this true since the plaintiff has raised no claim in this court, nor was it raised in the court below, as to any of the procedural irregularities hereinbefore mentioned. The procedural errors and irregularities of the parties and the court below were not shown to have been material. There is, consequently, no reversible error. See *Lampson Lumber Co.* v. *Hoer*, 139 Conn. 294, 300, 93 A.2d 143.

There is no error.

In this opinion the other judges concurred.