[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT DATED MARCH 9, 1990
I.
Dennis N. Clisham, in the third count of his Amended Complaint dated October 16, 1989, seeks damages for his suspension without pay as chief of police by the Naugatuck Board of Police CT Page 3265 Commissioners. He now moves for summary judgment on this count and suggests that since the commissioners were acting without legal authority in suspending him, he is entitled, as a matter of law, to judgment. — We disagree and deny the motion.
 II.
The significant facts for our review and decision are not in dispute.
During July of 1984, Dennis N. Clisham was appointed chief of police of the Borough of Naugatuck by that municipality's Board of Police Commissioners [hereinafter the Board]. The Board has been established by a Special Act of the Connecticut General Assembly, 1953 Special Act No. 321.[1] Not quite three years after this appointment, the Board, on April 30, 1987, unanimously voted to suspend with pay Mr. Clisham from his office. Approximately seven and one-half months later (December 9, 1987), the Board, after eleven charges of alleged misconduct were filed with it against the police chief, voted unanimously to continue the suspension but without pay. Additionally, the Board notified Clisham that it would convene a hearing on these eleven charges six days later,
December 15, 1987. Thereafter, a series of public hearings was held by the Board between December, 1987 and February, 1989. Subsequently, on February 14, 1989, the Board voted to terminate Clisham's appointment as chief of police for the Borough of Naugatuck.[2]
In the third count of the Amended Complaint, Clisham seeks money damages for the period that the Board suspended him without pay to the date of his February 9, 1989 termination. By this motion for summary judgment, Clisham argues that the Board was without legal authority under its special act to suspend him without pay and consequently, he is entitled to a judgment of the court concluding that the Board acted illegally and is liable in monetary damages to him. — We decline to so conclude.
 III.
The Board admits in its answer to the Amended Complaint that as a municipal entity, it has been established pursuant to Special Act No. 321 of the 1953 Session of the Connecticut General Assembly. That act in 1, 3, and 4 sets forth the grant of authority given the Board by the legislature for control over the Borough's public safety and welfare and also bestows upon the Board the right to remove for cause from office members, officers and the chief of the department. "An Act Creating a Board of Police Commissioners for the Town and Borough of Naugatuck, 1953 Special Act No. 321 1, 3, and 4. (hereinafter Special Act).[3]
CT Page 3266 Although the power to suspend without pay the police chief is not expressly stated in this Special Act, it exists, in our opinion, by necessary implication of the powers conferred upon the Board by the General Assembly.
The Naugatuck Board is a creature of special legislation and as such can exercise only such powers as "are necessary to enable it to discharge the duties and carry into effect the objects and purposes of its creation." Baker v. Norwalk, 152 Conn. 312, 314
(1965); Essex Leasing, Inc. v. Zoning Board of Appeals, 206 Conn. 595,604 (1988). Stated another way, "Any legislative enactment conferring a privilege or right carries with it, by implication, everything necessary to ensure the realization of that privilege or to establish that right in order to make it effectual and complete." State ex rel Rourke v. Barbieri, 139 Conn. 203, 210
(1952).
"Necessary implication [as a doctrine of statutory construction] refers to a logical necessity; it means that no other interpretation is permitted by the words of the statute construed." Application of County Treasurer of Cook County,304 N.E.2d 9, 12 (Ill.App.Ct., 1973). U.S. v. Jones, 204 F.2d 745,754 (7th Cir. 1953) (cert. denied, 346 U.S. 854 (1953)).
 It has been defined as an implication which results from so strong a probability of intention that an intention contrary to that imputed cannot be supported. . . . The term is used where the intention with regard to the subject matter may not be manifested by explicit and direct words, but is gathered by implication or necessary deduction from the circumstances and the general language. . . . Consequently that which is implied in a statute is as much a part of it as that which is expressed, for a statutory grant of power carries with it, by implication, everything necessary to carry out the power and make it effectual and complete.
U.S. v. Jones, 204 F.2d at 754 (citations omitted).
Necessary implication "is not a natural necessity but so strong a possibility of intention that an intention to the contrary to that which is imputed cannot be supposed." 42 C.J.S. Necessary Implication at 405 (1944, 1990 supp.) (interpreting Weed v. Scofield, 73 Conn. 620 (1901;).
In 3 of the Special Act, the Board is given the authority CT Page 3267 inter alia to remove the chief of police for cause. As Mr. Justice Brandeis, writing for the Court, pointed out, "the power to remove is, in the absence of statutory provision to the contrary, an incident of the power to appoint. . . . And the power of suspension is an incident of the power of removal." Bernap v. United States, 252 U.S. 512, 515 (1920) (citations omitted). "As a general rule a public officer may be suspended from office pending determination of the existence of grounds for his removal from office, the power to suspend being considered as included in the power of removal, since suspension is merely a less severe disciplinary measure than removal." 70 Am.Jur.2d., Sheriffs, Police, and Constables, 23 (1987).
In McKeithen v. Stamford, 149 Conn. 619 (1962), the supreme court observed that "[I]n the absence . . . of statutory restrictions, a chief of police who is given general administration, supervision and discipline of a police department has a right to suspend, for a reasonable time, an officer who . . . is awaiting trial on a criminal charge. . . . Such a power is almost necessary to insure the proper operation of a police department. LaBonte v. Berlin,85 N.H. 89, 95, 154 A. 89." Id. at 624. To us, it is significant that the McKeithen court discerned by implication not only a power of suspension in the police chief of Stamford out of that municipality's charter which was silent on the subject, but also relied upon LaBonte v. Berlin, wherein the New Hampshire supreme court discerned by necessary implication, a similar power in the Berlin, New Hampshire Police Commission to suspend without pay a police officer pending his trial for misconduct.[4] See also: the trial court's Memorandum of Decision, filed June 15, 1961, (LaMacchia, J.) in McKeithen v. Stamford, A-412 Conn. Rec. Briefs, 382-383.
Accordingly, we conclude that the Naugatuck Board of Police Commissioners under the Special Act has the legal authority to suspend temporarily Mr. Clisham, the police chief, without pay for a reasonable time pending hearing on the misconduct charges filed with it against him. See: Adams v. Rubinow, 157 Conn. 150, 165
(1968). Therefore, we decline to grant the motion for summary judgment.
An order may enter accordingly.
WILLIAM PATRICK MURRAY, J. A Judge of the Superior Court