[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff, Eric Smith brings this action against the defendant, City of Hartford for economic damages under Conn. Gen. Stat. §53-39a.
The parties have stipulated to the following facts:
1. Eric Smith became a police officer of the Hartford Police Department and employed by the City of Hartford on May 2, 1996.
2. On October 13, 2000, Officer Smith was on duty as a police officer, in full uniform, as a patrol officer operating car thirteen, a marked patrol car belonging to the City of Hartford.
3. On October 13, 2000 at approximately 17:37 hours, Officer Smith was dispatched by the Hartford Police Department to 184 Sigourney Street, Apartment A-4, Hartford, Connecticut. The dispatcher instructed Officer Smith to check on the well being of a two-year old child. This call resulted from a request by an employee of the Department of Children and Families of the State of Connecticut.
4. Officer Smith drove his police cruiser to 184 Sigourney Street, Hartford, Connecticut. As he exited his vehicle, he met an adult female who he ascertained resided at apartment A-4. The adult female permitted Officer Smith to enter the apartment. Present in the apartment were the adult female's minor sister and the adult female's two-year old daughter.
5. Officer Smith questioned the adult female and her minor sister about the allegations; left the apartment to telephone the Department of Children and Family of the State of Connecticut on a cell phone; returned to the apartment and questioned the apartment occupants further.
6. Having determined that the two-year old child was in no danger and CT Page 4447-b the allegations of the Department of Children and Family of the State of Connecticut appearing unsubstantiated, Officer Smith left the apartment.
7. Before leaving the call, Officer Smith gave the adult female his business card which contained a police department issued telephone number.
8. Thereafter, the adult female filed an internal affairs complaint alleging that Officer Smith engaged in sexually provocative conversation, fondled her breast and grabbed her buttocks.
9. Officer Smith gave a written statement on October 13, 2000 denying the allegations of the adult female.
10. Officer Smith was arrested on November 16, 2000 and was charged with two counts of sexual assault in the fourth degree in violation of Section 53a-73a of the Connecticut General Statutes. These charges were based upon the allegations of the adult female.
11. On November 16, 2000, Officer Smith was suspended from work at the Hartford Police Department, without pay. The suspension was a result of Officer Smith's arrest for two counts of sexual assault in the fourth degree in violation of Section 53a-73 of the Connecticut General Statutes.
12. Officer Smith retained the services of Attorney Michael A. Georgetti to represent him. Officer Smith entered into an attorney retainer agreement with Attorney Georgetti which provided that Attorney Georgetti would represent him on a time spent basis at the rate of $250.00 per hour for all time spent in his defense plus reimbursement for all costs expended by Attorney Georgetti. Additionally, Officer Smith agreed to pay finance charges of 1 ½ % per month upon any unpaid balance.
13. Officer Smith was released upon a promise to appear. He was arraigned at Hartford Superior Court, G. A. 14, 101 Lafayette Street, Hartford, Connecticut. Thereafter, he entered a not guilty plea. Following a period of pre-trial negotiations, Officer Smith rejected all plea offers and elected a jury trial.
14. On December 15, 2001, after completion of a jury trial, Eric Smith was found not guilty of all charges.
15. Immediately thereafter, Officer Smith made demand for his return to employment. The City of Hartford charged Officer Smith administratively CT Page 4447-c with conduct unbecoming an employee. The Hartford Police Department conducted an administrative disciplinary hearing. The administrative disciplinary hearing was based upon the allegations by the adult female relative to October 13, 2000. After a full hearing, the hearing officer found that the allegations of misconduct were not sustained. The hearing officer's findings were adopted by the Chief of Police, Bruce P. Marquis.
16. Officer Smith was ordered to return to work as a police officer on March 29, 2002.
17. As a direct result of his defense of his criminal case, Officer Smith incurred attorneys fees in the amount of $66,540.00 as of December 5, 2001, with finance charges on the unpaid balance at the rate of 1 ½ % per month from January 5, 2002 through the date hereof, February 13, 2003, in the amount of $14,971.50, for a total of $81,511.50.
18. Additionally, Officer Smith incurred private investigation charges in the amount of $325.80 and marshal subpoena costs in the amount of $56.60 for a total of $381.40.
19. Additionally, Officer Smith lost wages between November 15, 2000 and March 29, 2002 in the amount of $62,472.24.
20. Additionally, Officer Smith lost average overtime in the amount of $349.90 per week, for 71 weeks, between November 16, 2000 and March 29, 2002 for a total of $24,842.90.
21. Additionally, Officer Smith lost sick time, pension contributions, and vacation time. If the court awards back pay, the City of Hartford will automatically award Officer Smith in accordance with the collective bargaining agreement the appropriate credits for all benefits due, including continuity of service.
22. Between November 16, 2000 and March 29, 2002, Officer Smith earned $8,980.26 from other employment. If this amount is awarded as an offset, pension benefits and continuity of service will not be affected by the offset.
 LAW
The statute under which plaintiff brings this action is as follows:
Whenever, in any prosecution of an officer of the Division of State CT Page 4447-d Police within the Department of Public Safety. Or as a member of the Office of State Capitol Police or any person appointed under Section 29-18
as a special policeman for the State Capitol building and grounds, the Legislative Office Building and parking garage and related structures and facilities, and other areas under the supervision and control of the Joint Committee on Legislative Management, or a local police department for a crime allegedly committed by such officer in the course of his duty as such, the charge is dismissed or the officer is found not guilty, such officer shall be indemnified by his employing governmental unit for economic loss sustained by him as a result of such prosecution, including the payment of any legal fees necessarily incurred.
It is stipulated that on the date of the crime charged he was a police officer. He was clearly "in the course of his duties." He was charged with two counts. He was tried on those two counts and found not guilty.
The defendant argues that he has not proven that the alleged crimes were not committed "for acts that arose out of his employment." The statute says if he is prosecuted "for a crime allegedly committed by such officer in the course of his duty." These charges did not arise "for acts that arose out of his employment" but rather from charges made against him while he was in the course of his employment.
 LOSS TO PLAINTIFF
The case of McKiethen v. City of Stamford, 149 Conn. 619 is a 1962 case. Our statute was enacted in 1973. Since then it has been amended several times but not at all as to the indemnification rule.
The statute in its last few lines provides that "such officer shall be indemnified by his employing governmental unit for economic loss sustained by him as a result of such prosecution, including payment of legal fees necessarily incurred."
As the stipulation of facts makes clear "on November 16, 2000 Officer suspended from work at the Hartford Police Department, without pay. The suspension was a result of Officer Smith's arrest . . ." That prosecution caused his suspension. Plaintiff is entitled to indemnification for:
$65,540.00 in attorneys fees but not for interest
$381.40 costs
$62,472.42 lost wages CT Page 4447-e
$24,842.90 lost overtime
$ lost sick time, pension, contributions and vacation time in accordance with the collective bargaining agreement.
To be deducted from that total is $8,980.00 received by plaintiff from other employment.
BY THE COURT
Norris L. O'Neill, J. CT Page 4447-l