Hillsborough, March 4, 1941. } No. 3219.

IRVING F. GOODWIN *v.* NASHUA.

*Ivory C. Eaton* (by brief and orally), for the plaintiff.

*Edward C. Lampron, City Solicitor* (by brief and orally), for the defendant.

BRANCH, J. The defendant seeks to sustain the order of nonsuit upon the ground that the plaintiff failed to sustain the burden of

proof by showing that his suspension was unlawful in accordance with the rule laid down in *Shannon* v. *Portsmouth*, 54 N. H. 183, and *LaBonté* v. *Berlin*, 85 N. H. 89. The rule established by these cases is that an order of suspension is "a valid exercise of administrative power" in the nature of an administrative judgment and, as such, is immune from collateral attack.

In *Gibbs* v. *Manchester*, 73 N. H. 265, it was said: "A reasonable compliance with the ordinance therefore required the plaintiff to go further, and show not only that he was ready and willing to perform the duties of his office during the period of removal, but that he had seasonably taken steps to bring about his reinstatement and had been reinstated." This may be thought to indicate that the unlawful character of the Commission's action may be established by showing, in accordance with the plaintiff's offer of proof, that the Commission "revoked the suspension against the plaintiff . . . and ordered the charges against him dismissed." This order of the Commission, however, was equivocal and cannot be regarded as an admission that there was no legal justification for the plaintiff's suspension. It is conceded that the plaintiff resigned immediately after his reinstatement and that no hearing was had upon the charges against him, both being circumstances tending strongly to indicate that other considerations aside from the question of legal justification entered into the final action of the Commission. Under these circumstances the defendant was entitled to a judicial determination of the question whether the Commission acted reasonably under the law in making the original order of suspension. "The action of the Commission was proper if they acted in reason and under the law." *LaBonté* v. *Berlin*, 85 N. H. 89, 94. The order of nonsuit was, therefore, technically correct.

It does not follow, however, that the plaintiff is without remedy in the present proceeding. In *LaBonté* v. *Berlin, supra,* the action of assumpsit was supplemented by a petition for *certiorari* and this procedure may well be followed in the present case. By bringing such a petition in aid of the action of assumpsit, the issues presented by the plaintiff's offers of proof may properly be tried although this may involve some expansion of the conventional scope of the writ of *certiorari*. These questions are, (1), whether the order of suspension was reasonable, and (2), whether the delay in giving a hearing was unreasonable. If at the hearing it appears that there was no legal justification for the plaintiff's suspension, he will be entitled to his salary for the entire period of suspension. If it is found that the suspension

was reasonable, however, then the question of unreasonable delay in granting a hearing will arise, and if unreasonable delay is proved, the plaintiff will be entitled to his salary from the date upon which it may be found that a hearing should have been given. Upon both these issues the burden of proof rests upon the plaintiff. From what has already been said, it is plain that there was error in the ruling of the court excluding the plaintiff's offer of proof. All the circumstances surrounding the original order of suspension and the subsequent order vacating it are open to investigation. The order, therefore, is that, upon the filing of the suggested amendment, there be a

*New trial.*

All concurred.