Belknap,
Mar. 6, 1951. } No. 4000.

LAURENCE DUBIA *v.* TILTON & *a.*

*Tilton & Tilton (Mr. Robert P. Tilton* orally), for the plaintiff.

*Normandin & Normandin (Mr. Fortunat A. Normandin* orally), for the defendants.

KENISON, J. The several issues argued in this case resolve themselves into the single question whether the plaintiff was a full time permanent police officer within the meaning of Laws 1945, *c.* 123 (R. L., *c.* 59, *s.* 42-a). The 1945 statute by its terms does not "affect

the provisions of any city charter" (s. 2) and section one reads as follows: "In any town which has full time permanent police officer or officers, the selectmen, or other governing body, shall allow said officer or officers one day rest in eight, without loss of pay." The plaintiff was appointed a police officer pursuant to R. L., c. 422, s. 1. This section authorizes the selectmen of a town, when they deem it necessary, to appoint special police officers who continue in office during the pleasure of the selectmen. Accordingly, the defendants contend that plaintiff's appointment was temporary even though he worked full time and could not be considered permanent unless he was elected by the town. R. L., c. 59, s. 41.

The statutes contain no definition of a "full time permanent police officer." Prior to 1941 the adjective "full time" and the adjective "permanent" were not used in the statutes which described the appointment, election, functions and privileges of police officers. In that year for the first time, the Legislature set up a retirement system for permanent policemen who were defined as those that were "regularly employed on full time duty by a police department . . . of any . . . town . . . in the state." Laws 1941, c. 166, s. 2; R. L., c. 221, s. 2. In the same year for the first time the chapter relating to the choice and duties of town officers was amended and provided that no person could at the same time hold the office of selectman and the head of any police department "on full time duty." Laws 1941, c. 137, s. 1; R. L., c. 59, s. 43. The statutes cited above make no distinction between an elected police officer or policeman and an appointed one providing he is permanent and on full time duty. This is equally true of the statute involved in this case allowing full time permanent police officers one day rest in eight without loss of pay.

Reference may be made to Laws 1945, c. 147, (R. L., c. 59, ss. 45-a, 45-b) which provides a special method of electing by ballot "permanent constables or police officers for full time duty." (s. 45-a). This amendment further provided that any such elected permanent constable or police officer "shall be deemed to be a permanent policeman" for the purposes of the policemen's retirement system. R. L., c. 59, s. 45-b. This statute was enacted for the specific purpose of enabling elected police officers to come within the provision of the policemen's retirement system. It does not delimit or otherwise restrict other full time permanent police officers from being considered eligible under the retirement system even though they are appointed.

In the light of this statutory development, it is clear that the statute providing for one day rest in eight without loss of pay applies to any

full time permanent officer whether elected or appointed. While it is true that many police officers appointed under R. L., *c.* 422, *s.* 1, are special police officers for temporary or specific purposes, there is nothing to prevent the appointment of a police officer under this section for permanent and full time duty within the meaning of both the retirement act and the one day rest in eight statute involved in this case.

In the absence of any statutory definition of full time permanent police officers, the Court was justified in ruling as a matter of law that this plaintiff was such an officer. The nature of his duties, the circumstances of his work and the actual tenure of his office placed him in the category of a full time permanent police officer even though he was appointed rather than elected. There is no case in this State determinative of the matter but a similar result has been reached elsewhere. *Maloney* v. *Milford*, 253 Mass. 400. The evidence was conflicting as to whether the plaintiff had waived his rights under the one day rest in eight statute. Since the jury by their verdict have found that he did not waive it, this constitutes a legal obligation of the defendant towns to pay the plaintiff even though there was no specific appropriation for that purpose. *Gooch* v. *Exeter*, 70 N. H. 413.

*Judgment on the verdict.*

DUNCAN, J., concurred in the interpretation of statutes, but doubted the liability of the defendants: the others concurred.