Rockingham
No. 7027

### GORDON SUMMERS V. TOWN OF EXETER

December 31, 1974

*Shute, Engel & Frasier (Mr. Francis J. Frasier* orally) for the plaintiff.

*Scammon, Gage & Whitman (Mr. Robert G. Whitman* orally) for the defendant.

KENISON, C.J. Plaintiff sought an injunction in the Rockingham County Superior Court to prevent his discharge from a full-time position with the Exeter police department by the town manager without prior notice and hearing. On September 11, 1974, a temporary injunction was ordered by default with the result that plaintiff was reinstated to his position as a patrolman pending further hearing on the merits. On the following day the town of Exeter moved to vacate the decree and requested a hearing on plaintiff's petition for injunctive relief. At the hearing on September 19, the parties agreed that *Morris,* J., reserve and transfer without ruling to this court the question whether a full-time police officer, who is not a superintendent of police, may be discharged by the Exeter town manager without notice and hearing before the selectmen.

The facts surrounding plaintiff's dismissal may be stated briefly. On August 21, 1974, while he was off duty and driving his own automobile, plaintiff was observed by a fellow police officer allegedly running a stop sign and speeding. Plaintiff was stopped by the officer, but was not asked for either his license or registration, nor was a summons issued. The on-duty officer permitted plaintiff to resume operation of his automobile. On the afternoon of the next day plaintiff was informed by the superintendent of police that he must resign or would be dismissed because of the events of the previous evening. No written charges were presented to plaintiff. On August 23, after he had been dismissed, plaintiff was served with a summons for failure to stop at a sign and for speeding.

Police officers in this State may be elected pursuant to RSA 41:47, appointed by the selectmen under RSA 105:1 or appointed by the town manager according to RSA 37:6 II, VII. The reserved case reveals that plaintiff was appointed a policeman by the selectmen of Exeter on August 11, 1971.

The town contends that although RSA 41:48 mandates notice and a hearing prior to dismissal of the superintendent of police, other officers may be discharged without notice and hearing by the town manager for reasons which he deems adequate pursuant to RSA 37:6 II, VII. RSA 41:48 (Tenure of Office of Town Officers) provides that "any full time police officer appointed under the provisions of RSA 105:1 . . . shall continue to hold such office during good behavior, unless sooner removed for cause by the selectmen, after notice and hearing . . . ." According to the town, RSA 105:1 applies only to police superintendents and, therefore, the tenure protection of RSA 41:48 is also so limited. To sustain this interpretation of RSA 105:1, the town relies on the title of the 1957 amendment to the provision which was "An Act Relative to Appointment of a Chief of Police". Laws 1957, ch. 206. However, the fact that the 1957 amendment to RSA 105:1 augmented the responsibilities of the selectmen relative to the appointment of a superintendent of police in no way derogated their power to appoint other officers under that provision. See Dubia v. Tilton, 96 N.H. 489, 79 A.2d 346 (1951). Officers and superintendents appointed under RSA 105:1 are entitled to a hearing as provided in RSA 41:48 unless some other statute permits summary dismissal.

The town argues that RSA ch. 37 (Town or Village District Managers) gives to the town manager discretionary power to dismiss police officers summarily. The town of Exeter voted to institute the office of town manager on March 13, 1956. (Report of the Town of Exeter, 1956). The first manager was appointed on July 10, 1956. RSA 37:5 (General Authority) makes the town manager "administrative head of all departments of the town . . . ." RSA 37:6 II (Powers and Duties in Particular) vests the town manager with power "[t]o appoint, upon merit and fitness alone, and to remove, all subordinate officers and employees under his control . . . ." RSA 37:6 VII places the police department under the town manager's control. Nevertheless, ch. 409, Laws of 1957 (An Act Relative to the Police Department of the Town of Exeter) (effective August 31, 1957) is a specific statutory exception to the town manager's power to appoint and remove police officers pursuant to RSA 37:6 II, VII. *See American Federation of State &c. Employees v. Keene,* 108 N.H. 68, 71, 227 A.2d 602, 605 (1967).

Chapter 409:1 provides that "[t]he selectmen of the town of Exeter shall appoint police officers, constables and superior officers as they in their judgment deem necessary for the town . . . ." And ch. 409:3 (Removal of Police) gives the selectmen "authority to remove any officer at any time for just cause and after due hearing, which cause shall be specified in the order of removal." Not only does ch. 409 divest the town manager of powers which he has under RSA 37:6 II, VII, but it removes any doubt that the proper procedure for dismissal in this case is that outlined in RSA 41:48.

Accordingly, we hold that in order for the town of Exeter to dismiss a full-time police officer the requirements of notice and hearing before the selectmen must be fulfilled pursuant to RSA 41:48 and Laws of 1957, 409:3. 3A C. Antieau, Independent Local Government Entities § 30A.11, at 30A-38, 39 (1970).

*Remanded.*

All concurred.