Rockingham
No. 7300

EDMUND W. BRESSLER v. KENNETH WRIGHT & a.

April 30, 1976

Kearns & Colliander (Mr. John D. Colliander orally) for the plaintiff.

Shaw & Robertson and Brian G. Doherty (appearing under Rule 23) (Mr. Robert Shaw orally) for the defendants.

GRIFFITH, J. This is a petition by an Exeter police officer seeking back pay following his illegal discharge by the town manager. The Trial Court (Douglas, J.) directed an order for partial backpay. The question of law raised by the defendants' exception thereto was reserved and transferred.

The plaintiff, Edmund W. Bressler, was employed by the town of Exeter, New Hampshire Police Department on January 12, 1971. On June 25, 1974, in the normal course of his duties, Mr. Bressler was assigned a task in Hampton Falls. While en route, his cruiser struck an obstruction on the side of the road. Subsequent to an investigation of the accident by the State Police, Mr. Bressler was dismissed from the Exeter Police Department effective on or about July 1, 1974, for not possessing a valid New Hampshire driver's license.

In December of 1974, the plaintiff made reapplication to the Exeter Police Department for employment as a patrolman, and was rejected. In April 1975, the plaintiff entered a petition for injunction and reinstatement with the superior court, alleging that his rights to due process pursuant to the United States Constitution and New Hampshire statutes had been denied, and requesting

reinstatement to his former position with the Exeter Police Department, together with all lost wages and seniority benefits.

After hearing by *Douglas*, J., on April 22, 1975, it was held that since applicable New Hampshire statutes relating to the plaintiff's right to a hearing prior to dismissal had not been followed, the plaintiff was entitled to be reinstated forthwith. The issue of lost wages was deferred until such time as a subsequent hearing could be scheduled. Immediately after the hearing, Mr. Bressler was suspended without pay pending a hearing on the merits before the selectmen of the town of Exeter.

The selectmen of the town of Exeter conducted a hearing on May 5, 1975, relating to charges brought against Mr. Bressler. They decided to permanently dismiss the plaintiff from the police department, effective May 12, 1975.

On June 5, 1975, a hearing was held by *Douglas*, J., concerning the plaintiff's claim to lost wages. The plaintiff waived any claims for the period of June 25, 1974, to February 4, 1975, because he was receiving workmen's compensation in the amount of $113.76 a week during that time. From February 4 through May 12 of 1975, while seeking employment with other police departments, the plaintiff had worked at his fiancee's parents' restaurant on a part-time basis, receiving no compensation. It was agreed that the plaintiff's claim was limited to his right to compensation during this thirteen-and-one-half-week period, at $156.40 gross police pay per week, or a total of $2,111.40.

The question we are asked to decide, whether the trial court was correct in granting the plaintiff the lost wages claimed, is answered in the affirmative.

Initially, we note that the question of the plaintiff's right to a hearing prior to dismissal is governed by *Summers v. Exeter*, 114 N.H. 841, 330 A.2d 120 (1974), a case identical in all significant respects to the one at bar. Accordingly, the dismissal of July 1, 1974, was illegal, and the plaintiff continued as an employee of the Exeter Police Department until he was validly dismissed on May 12, 1975. A municipal officer or employee who has been illegally removed is entitled to recover the salary or compensation of the office for the term of his wrongful removal. *Molino v. Board of Pub. Safety*, 154 Conn. 368, 380, 225 A.2d 805, 810 (1966); 2A C. Antieau, Municipal Corporation Law § 22.14, at 281 (1974); 4 E. McQuillin, Municipal Corporations §§ 12.184b, 12.188, 12.268 e (3d ed. 1968); *see Goodwin v. Nashua*, 91 N.H. 339, 18 A.2d 825 (1941).

240

The plaintiff is entitled to recover lost wages for the entire thirteen-and-one-half-week period claimed, despite his suspension without pay which followed the April 22, 1975 hearing. Under the rules and regulations of the Exeter Police Department, suspension without pay is possible only after the existence of a violation of the rules has been determined at a hearing. *See* Rule 16, sections 10 and 14; Rule 23, sections 6 and 8; and Rule 28, sections 1, 4 and 11.

The defendants' argument that the plaintiff is estopped from recovery of lost wages for the period of February 4, 1975, to May 12, 1975, because of his stipulation that he would claim no lost wages during the period in which he was receiving workmen's compensation, is entirely without merit. The plaintiff merely sought to comply with the widely accepted rule that employers are entitled to a deduction from compensation due a wrongfully discharged employee for any income earned by him during his period of illegal removal. 2A C. Antieau, Municipal Corporation Law § 22.14, at 282 (1974).

*Exception overruled.*

All concurred.