WILLIAM MCNAMARA *v.* CITY OF NEW BRITAIN

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued February 6—decided March 27, 1951

*George J. Coyle,* for the appellant (plaintiff).

*Harold J. Eisenberg,* for the appellee (defendant).

JENNINGS, J.   A discharged New Britain fireman sued for reinstatement and back salary.   He has appealed from a judgment which denied him reinstatement. There was no real dispute about the facts determinative of the appeal, with one exception.   The basic claim of the plaintiff is that they do not support the conclusions reached.

On September 10, 1947, the plaintiff was a fireman of the defendant city, in the classified service and subject to a merit system act.   25 Spec. Laws 286.   On that day the board of fire commissioners voted to discharge him for cause.   This was done without notice or hearing.   The plaintiff appealed to the civil service commission but it failed to hold a hearing on the appeal within thirty days, as required by law.   25 Spec. Laws 292, § 19.   The defendant's corporation counsel ruled that therefore the purported discharge of the plaintiff was a nullity.   Thereafter, the plaintiff presented himself to the chief of the fire department for assignment to duty, but the chief refused to assign him.   On November 24, 1947, the board again voted to discharge the plaintiff for cause.   Notice thereof, with the causes of discharge, was sent to him and the commission the next day.   The plaintiff did not appeal to the com-

mission, as permitted by the act (§ 19), but brought this action December 1, 1947.

The disputed finding referred to is that it "is conceded by all parties" that the purported discharge of the plaintiff on September 10, 1947, was invalid and that the action taken was illegal and a nullity. This was the defendant's claim throughout. It was alleged in the plaintiff's complaint that this discharge was a nullity, although later this allegation was orally withdrawn. Reference thereto by the plaintiff and his counsel during the trial, as well as the application which was made by the plaintiff for assignment to duty, sufficiently indicated that he regarded the discharge as a nullity. There was ample evidence to sustain this finding. Its importance arises from the fact that the plaintiff now claims that the attempted discharge of September 10 was effective until some subsequent action was taken to reinstate him and that he could not be legally discharged on November 24 since he was not a member of the department. This is a highly technical claim. A plaintiff cannot try his case on one theory and appeal on another. Conn. App. Proc., pp. 31, 32. On the whole record the finding must stand.

On these facts the trial court concluded that the plaintiff was a member of the department until November 25, 1947, that he was then discharged for just cause which was neither religious nor political and that he failed to pursue the exclusive remedy under the act cited, to wit, an appeal to the civil service commission. It concluded further that he was no longer a member of the department but that he was entitled to his pay from September 10 to November 25.

The facts found support these conclusions. The only possible question is whether, under the circumstances, the plaintiff could go directly to the court without following the procedure laid down in the act.

The failure of the commission to grant him the required hearing after his first attempted discharge did not justify his attempt to by-pass the commission after the discharge of November 24. When the procedure for the removal of an officer is defined by statute, it is exclusive. *State ex rel. Brandt* v. *Thompson*, 91 Minn. 279, 282, 97 N. W. 887; Mechem, Public Officers, § 452. If the plaintiff desired to test the legality of his removal, he was obliged to follow the remedy provided by statute. He is entitled to no relief other than that afforded by the judgment of the trial court unless a new trial is required because of claimed errors in rulings on evidence, only one of which is now pressed.

The defendant offered as a witness the clerk of the board of fire commissioners. He testified that the record of the plaintiff in the department was considered by the board at the meeting of November 24. He then testified to that record over objection and exception. It consisted of repeated violations of departmental regulations and of law.

The ruling was correct. The issue before the trial court was whether the action of the board was illegal. The statute requires, among other things, that dismissal shall be only for just cause. Whether there was good and sufficient cause was expressly put in issue by the plaintiff's answer to the defendant's special defense. The evidence admitted was relevant on that issue. "[T]he sufficiency of the cause is for the board to decide." *McNiff* v. *Waterbury*, 82 Conn. 43, 46, 72 A. 572; *Holley* v. *Sunderland*, 110 Conn. 80, 82, 147 A. 300.

There is no error.

In this opinion the other judges concurred.