MICHAEL Z. TRAGAKISS *v.* VICTOR DOWLING ET AL.

BOGDANSKI, PETERS, HEALEY, SHEA and WRIGHT, Js.

Argued December 10, 1980—decision released January 27, 1981

*John W. Sitarz,* with whom, on the brief, was *Louis B. Blumenfeld,* for the appellants (defendants).

*Dennis A. Ceneviva,* with whom, on the brief, was *John F. Papandrea,* for the appellee (plaintiff).

WRIGHT, J. The plaintiff brought this action against the defendants, co-executors of the estate of Paul A. Zazzaro, for the specific performance of an agreement to sell certain real estate which Zazzaro and the plaintiff held as tenants in common prior to Zazzaro's death. The agreement between the plaintiff and Zazzaro provided that upon the death of either party, the survivor could elect to purchase the decedent's interest in the property by serving notice of his election in writing upon the executor of the decedent's estate via registered mail, return receipt requested, within sixty days of the executor's appointment. The trial court found that such notice had been given and therefore concluded that the plaintiff was entitled to specific performance. On appeal, the defendants primarily challenge this finding of fact, contending that it was found without evidence.[1]

"A material fact cannot be said to have been found without evidence if there is some testimony in its support–although slight–and none to the contrary . . . ." *Meagher* v. *Colonial Homes Co.,* 109 Conn. 343, 348, 146 A. 609 (1929). A finding of fact must stand if it is reasonably supported by the evidence or the reasonable inferences drawn from the facts proven. *Dunn* v. *Santino,* 139 Conn. 352, 355, 93 A.2d 726 (1952). At trial the plaintiff testified

---

[1] Because the court's finding was filed on May 22, 1979, the Practice Book revisions which took effect on July 1, 1979, do not apply to this appeal. See Practice Book § 3166.

that notice was sent through his attorney by registered mail to Zazzaro's estate at the time of Zazzaro's death. The plaintiff's testimony supports the court's finding because the testimony indicates that notice of the plaintiff's desire to purchase the property was sent to the defendants by registered mail at or near the time of Zazzaro's death. That the letter was sent within sixty days of the executor's appointment and that a return receipt was requested are both reasonable inferences which could be drawn from the plaintiff's testimony in light of the defendant's failure to present any evidence to the contrary.

The defendants argue, however, that the finding may not stand because the plaintiff's testimony consisted of hearsay, and the finding is therefore not supported by competent evidence. Even if we assume that the testimony was hearsay, the trial judge was entitled to accord it such weight as he deemed it to be worth because the evidence was admitted without objection. *Pluhowsky* v. *New Haven,* 151 Conn. 337, 343, 197 A.2d 645 (1964). The defendant's reliance on *Danahy* v. *Cuneo,* 130 Conn. 213, 217, 33 A.2d 132 (1943), where we stated that a failure to object to inadmissible evidence did not render that evidence competent, is misplaced because that case concerned the instructions which should have been given to the jury to enable them to evaluate certain evidence properly. *Danahy* in no way undermines the rule that when hearsay testimony is admitted without objection, the trier of fact may accord the testimony whatever credence it is worth.[2] See *Cutlip* v. *Connecticut Motor Vehi-*

---

[2] Because this is a civil case, we need not consider the implications of the right to confrontation guaranteed to all criminal defendants by U.S. Const., amend. VI and Conn. Const., art. I § 8.

*cles Commissioner,* 168 Conn. 94, 98, 357 A.2d 918 (1975). The plaintiff's testimony in the present case supports the finding that the requisite notice was given.

The defendants' second and final claim is that the trial court committed reversible error by failing to rule on their claims of law regarding the applicability of the doctrines of estoppel and "clean hands." At the time that this case was tried, December, 1978, the applicable Practice Book rule provided that "[i]n trials to the court, if counsel intends to raise any question of law which may be the subject of an appeal to the supreme court, he must state the same distinctly to the court before his argument is closed and in such time as to give the opposing counsel an opportunity to discuss the question, and must request the court to take note of the point. If this be omitted, it will not be the duty of the court to decide the question. Counsel shall present the questions of law in writing, unless the exigencies of the case render this impracticable." Practice Book § 285.[3] There is nothing in the record before us that would indicate that these claims of law were stated "distinctly to the court before . . . argument [was] closed." Id. The documentation relied on by the defendants to show that the claim was raised at trial consists of two portions of their draft finding and

[3] This section was revised as of July 1, 1979, and set out as Practice Book § 285A, which provides that: "[t]he parties may, as of right, or shall, if the court so orders, file, at such time as the court shall determine, written trial briefs discussing the issues in the case and the factual or legal basis upon which they ought to be resolved.

"If a party intends to raise any claim of law which may be the subject of an appeal, he must either state the same distinctly to the court before his argument is closed or state it in a written trial brief. If this is not done, it will not be the duty of either the trial court or the appellate court to decide the claim."

their assignment of errors. Because these papers were filed after the trial, they do not show that the claims were distinctly raised at trial. The rule then in effect required questions of law to be presented in writing unless the exigencies of the case rendered such presentation impracticable. We are not persuaded by the defendants' contention that the short duration of the trial, which took place over thirteen months after the complaint was filed, constituted an exigency within the meaning of the rule. As a result, the court did not err by failing to rule on the questions of law regarding the doctrines of estoppel and "clean hands."

There is no error.

In this opinion the other judges concurred.