## Mark H. Swerdloff et al. *v.* AEG Design/Build, Inc.
### (13357)

Peters, C. J., Shea, Callahan, Glass and Hull, Js.

Argued October 5—decision released November 15, 1988

*John M. Andreini,* for the appellants (plaintiffs).

*Joseph P. Fasi,* for the appellee (defendant).

Glass, J. The plaintiffs, Mark and Ileen Swerdloff, appeal from the trial court's order reducing but not discharging a mechanic's lien placed on their real property by the defendant, AEG Design/Build, Inc. The plaintiffs argue that the trial court erred in refusing to consider their claim, first articulated during final argument, that the mechanic's lien was invalid because the underlying home improvement agreement was not

in writing as required by the Home Improvement Act, General Statutes § 20-429.[1] We find no error.

The facts relevant to this appeal are as follows. On June 2, 1987, the defendant filed a mechanic's lien on the plaintiffs' property located on Linwold Drive in West Hartford. On June 9, 1987, the plaintiffs filed an application to discharge the mechanic's lien with the trial court. The application conformed to the format set forth in General Statutes § 49-35a (b).[2] The plaintiffs did not refer to the Home Improvement Act in their application.

From June 22 through June 25, 1987, the trial court held a hearing on the plaintiffs' application to discharge the lien. During the hearing, brief testimony was elicited from one witness that the parties' home improve-

---

[1] See generally the Home Improvement Act, General Statutes § 20-418 et seq. The particular section relied on by the plaintiffs, General Statutes § 20-429, provides in relevant part: "(a) No home improvement contract shall be valid unless it is in writing and unless it contains the entire agreement between the owner and the contractor."

[2] The relevant part of General Statutes § 49-35a provides as follows:

"(b) The application, order and summons shall be substantially in the following form:

APPLICATION FOR DISCHARGE OR
REDUCTION OF MECHANIC'S LIEN

To the . . . Court of . . .

The undersigned represents:

1. That . . . is the owner of the real estate described in Schedule A attached hereto.

2. That the names and addresses of all other owners of record of such real estate are as follows:

3. That on or about . . . , (date) . . . , (name of lienor) of . . . (address of lienor) placed a mechanic's lien on such real estate and gave notice thereof.

4. That there is not probable cause to sustain the validity of such lien (or: That such lien is excessive).

5. That the applicant seeks an order for discharge (or reduction) of such lien.

Name of Applicant
By . . .
His Attorney"

ment agreement was not in writing. The plaintiffs, however, did not refer to the Home Improvement Act during the evidentiary phase of the hearing. At the conclusion of the hearing, during final argument, the plaintiffs raised the claim that the lien was invalid under the Home Improvement Act.[3] The trial court ruled that the act was not in issue and declined to consider the plaintiffs' claim. On the basis of General Statutes §§ 49-35a and 49-35b,[4] the court reduced but did not discharge the mechanic's lien. On October 21, 1987, the court denied the plaintiffs' motion to reargue. The plaintiffs appealed to the Appellate Court, and the appeal was transferred to this court pursuant to Practice Book § 4023.

The dispositive issue in this case is whether the plaintiffs sufficiently raised the Home Improvement Act to place it in issue at the hearing. The plaintiffs argue that they could not refer to the act in their application

[3] In support of this claim, the plaintiffs referred to *Caulkins* v. *Petrillo*, 200 Conn. 713, 513 A.2d 43 (1986). *Caulkins* held that there is no exception to the writing requirement of General Statutes § 20-429 for home improvement agreements fully performed by the contractor. Id., 718. Because of our disposition of this case, we do not address the issues discussed in *Caulkins*.

[4] General Statutes § 49-35b provides: "(a) Upon the hearing held on the application or motion set forth in section 49-35a, the lienor shall first be required to establish that there is probable cause to sustain the validity of his lien. Any person entitled to notice under section 49-35a may appear, be heard and prove by clear and convincing evidence that the validity of the lien should not be sustained or the amount of the lien claimed is excessive and should be reduced.

"(b) Upon consideration of the facts before it, the court or judge may: (1) Deny the application or motion if probable cause to sustain the validity of the lien is established; or (2) order the lien discharged if (A) probable cause to sustain its validity is not established, or (B) by clear and convincing evidence its invalidity is established; or (3) reduce the amount of the lien if the amount is found to be excessive by clear and convincing evidence; or (4) order the lien discharged or reduce the amount of the lien conditioned upon the posting of a bond, with surety, in a sum deemed sufficient by the judge to indemnify the lienor for any damage which may occur by the discharge or the reduction of amount."

because § 49-35a (b) prescribes a "boiler plate" form for lien discharge applications, which cannot be varied by different or additional terms. As a consequence, they contend that the trial court erred when it declined to consider their claim when raised during final argument.

Even assuming that § 49-35a (b) precluded the plaintiffs from raising the Home Improvement Act in their application, Practice Book § 285A nevertheless required the plaintiffs to state the claim distinctly. The plaintiffs do not suggest that § 49-35a (b) overrides the requirement that a claim be distinctly stated to the trial court. Because we conclude that the plaintiffs failed distinctly to raise the act as required by Practice Book § 285A, we do not address their contention that the statutory form of § 49-35a (b) excused them from raising the claim in their pleadings.

Practice Book § 285A provides that "[i]f a party intends to raise any claim of law which may be the subject of an appeal, he must either state the same distinctly to the court before his argument is closed or state it in a written trial brief. If this is not done, it will not be the duty of either the trial court or the appellate court to decide the claim." See also Practice Book § 4185 (supreme court not bound to consider claim unless it was distinctly raised at trial or arose subsequent to trial). A claim is "distinctly" raised if it is " ' "so stated as to bring to the attention of the court the precise matter on which its decision is being asked." ' " (Emphasis omitted.) *State* v. *Utz*, 201 Conn. 190, 207, 513 A.2d 1191 (1986); *State* v. *Carter*, 198 Conn. 386, 396, 503 A.2d 576 (1986); *Woodruff* v. *Butler*, 75 Conn. 679, 682, 55 A. 167 (1903). A claim "briefly suggested" is not "distinctly raised." *McKiernan* v. *Caldor, Inc.*, 183 Conn. 164, 166, 438 A.2d 865 (1981); *Silverman* v. *St. Joseph's Hospital*, 168 Conn. 160, 177, 363 A.2d 22 (1975).

It is well established that the trial court is entitled to decide a case on the theory on which it was tried. *Silverman* v. *St. Joseph's Hospital,* supra, 176–77; *Housing Authority* v. *Pezenik,* 137 Conn. 442, 448, 78 A.2d 546 (1951); see also *Lashgari* v. *Lashgari,* 197 Conn. 189, 196, 496 A.2d 491 (1985) (cases reviewed on appeal on theory on which they were tried and decided at trial); *McNamara* v. *New Britain,* 137 Conn. 616, 618, 79 A.2d 819 (1951) (party cannot try case on one theory and appeal on other); *Fischer Co.* v. *Morrison,* 137 Conn. 399, 404, 78 A.2d 242 (1951). The purpose of the Practice Book rules requiring claims to be raised distinctly is to enable the trial court to give meaningful consideration to the legal issues in the case. See, e.g., *Roche* v. *Fairfield,* 186 Conn. 490, 505 n.14, 442 A.2d 911 (1982) (trial court's failure to consider claim vaguely alluded to in complaint but not made in trial briefs or in argument not subject to review); *Tragakiss* v. *Dowling,* 183 Conn. 72, 75–76, 438 A.2d 818 (1981) (no error where trial court refused to rule on defenses where evidence to show defenses raised consisted of draft finding and assignment of errors); cf. *Cahill* v. *Board of Education,* 187 Conn. 94, 101, 444 A.2d 907 (1982) (where complaint drafted without setting forth facts that would call trial court's attention to search for other grounds of relief, this court will not consider such grounds on appeal); *Rybinski* v. *State Employees' Retirement Commission,* 173 Conn. 462, 465, 378 A.2d 547 (1977) (claim not reviewed on appeal where trial court had no opportunity to consider it). The requirement that claims be raised timely and distinctly also recognizes that counsel should not have the opportunity to surprise an opponent by interjecting a claim when opposing counsel is no longer in a position to present evidence against such a claim. Cf. *State* v. *Kurvin,* 186 Conn. 555, 566, 442 A.2d 1327 (1982) (per-

mitting claims of error that could have been raised at trial to be raised first time on appeal encourages trials by ambuscade).

The plaintiffs in the present case did not distinctly raise their claim that the mechanic's lien was invalid under the Home Improvement Act. Practice Book § 285A; see *Frigon* v. *Enfield Savings & Loan Assn.,* 195 Conn. 82, 89, 486 A.2d 630 (1985) (plaintiff did not distinctly raise claim at trial where he failed to explore factual ambiguity despite chance to do so); *Roche* v. *Fairfield,* supra, 505 n.14; *Tragakiss* v. *Dowling,* supra, 75–76. The plaintiffs concede that they did not refer to the act at any time prior to final argument. As the plaintiffs acknowledge, regardless of whether the language of § 49-35a (b) excused them from specifically pleading the act's applicability, nothing prevented them from asserting the act during the evidentiary phase of the hearing.

We are not persuaded that the reference to the Home Improvement Act during the plaintiffs' final argument following incidental testimony pertaining to the nonexistence of a written contract "distinctly raised" the plaintiffs' claim. Cf. *Frigon* v. *Enfield Savings & Loan Assn.,* supra, 89. A review of the transcripts of the hearing indicates that the plaintiffs challenged the validity of the mechanic's lien on a breach of contract theory with evidence that the defendant performed unsatisfactory work, did not follow instructions, grossly exceeded its estimate for the cost of the job, and charged the plaintiffs for redoing improperly completed work. The trial court was entitled to decide the case on the theory upon which it had been tried. *Housing Authority* v. *Pezenik,* supra, 448. The court was not obligated at the trial's conclusion to reverse gears and reevaluate the case in light of a claim that bore only a tenuous relationship to the legal claims and evidence presented during the hearing.

Further, we note that the plaintiffs stated during final argument that they became aware of the Home Improvement Act in April, 1987, several weeks before the hearing. Nonetheless, the plaintiffs proceeded to trial and never mentioned the act until final argument. Even assuming, arguendo, that the trial court otherwise should have considered the plaintiffs' claim, we find particularly appropriate to this case the principle that an appellant should not be allowed to claim as error that which his own action has induced. *Valley* v. *Fazzina,* 187 Conn. 423, 428, 446 A.2d 1068 (1982); *Busko* v. *DeFilippo,* 162 Conn. 462, 469, 294 A.2d 510 (1972); *Crowder* v. *Zion Baptist Church, Inc.,* 143 Conn. 90, 97–98, 119 A.2d 736 (1956); *Chapin* v. *Popilowski,* 139 Conn. 84, 87–88, 90 A.2d 167 (1952).

There is no error.

In this opinion the other justices concurred.