ROBERT D. SCOTT ET AL. *v.* ANDREW BARRETT ET AL.
(13571)

SHEA, CALLAHAN, GLASS, COVELLO and HULL, Js.

Argued May 11—decision released July 18, 1989

*Daniel E. Brennan, Jr.,* for the appellant (named plaintiff).

*Joseph B. Curran,* with whom was *John R. Lilliendahl,* for the appellees (defendants).

GLASS, J. In this case the named plaintiff (plaintiff) claims that the trial court erred by failing to instruct the jury to specify damages under General Statutes (Rev. to 1987) § 52-225d (b) (1),[1] even though the par-

---

[1] General Statutes (Rev. to 1987) § 52-225d (b) (1) provides: "In any civil action, accruing on or after October 1, 1986, whether in tort or in contract, wherein the claimant seeks to recover damages for personal injury or wrongful death and wherein liability is admitted or determined by the trier of fact, the court shall proceed to enter judgment as follows: (1) The trier of fact shall make separate findings for each claimant specifying the amount of any past economic damages, any future economic damages, any past noneconomic damages and any future noneconomic damages, and any other separate findings of damages directed by the court as necessary to carry out the provisions of this section."

ties did not request such an instruction or except to the court's use of a general verdict form. We find no reversible error.

The relevant facts are undisputed. On October 27, 1986, an automobile operated by the defendant Andrew Barrett, a minor, and owned by his mother, the defendant Gloria Barrett, was involved in an accident on Whitney Avenue in Trumbull. The plaintiff Robert D. Scott, also a minor, was a passenger in the automobile. As a result of the accident, the plaintiff sustained extensive injuries. The plaintiff thereafter brought suit against the defendants seeking damages for his injuries. The trial court subsequently granted the plaintiff's motion for summary judgment on the issue of the defendants' liability.

On August 11 and 12, 1988, the trial court conducted a hearing on damages before a jury. Prior to its jury instructions, the trial court accepted requests to charge from both parties. The court then prepared its instructions and reviewed them in detail with counsel. The court also directed the clerk to prepare a general verdict form. Counsel for the parties reviewed the verdict form upon the court's request, and voiced no objections. Further, counsel asserted certain objections and exceptions to the jury instructions, none of which concern the issue involved in this appeal. The trial court instructed the jury and submitted the general verdict form. On August 12, 1988, the jury returned a general verdict awarding the plaintiff $375,000 in damages. The trial court accepted and recorded the verdict and discharged the jury.

According to the plaintiff's counsel, on August 12, 1988, shortly after the jury had returned its verdict, he discovered that the trial court had not complied with General Statutes (Rev. to 1987) § 52-225d (b) (1). The plaintiff's counsel promptly filed a motion to set aside

the verdict, alleging that the verdict was against the evidence and that the damages were inadequate. He also filed a motion for a new trial, claiming that the trial court erred by failing to instruct the jury to specify damages as required by § 52-225d (b) (1). The plaintiff had not previously brought that statute to the trial court's attention. The trial court denied both motions. The plaintiff appealed to the Appellate Court, and we transferred the appeal to ourselves. Practice Book § 4023.

The plaintiff concedes that he failed to request the trial court to instruct the jury on the applicability of General Statutes (Rev. to 1987) § 52-225d (b) (1), and that he failed distinctly to raise any pertinent exceptions to the court's instructions. Practice Book §§ 315, 4185.[2] He nevertheless claims that the trial court's failure to instruct the jury under that statute constitutes "plain error." Practice Book § 4185. We disagree.

As it then existed, General Statutes (Rev. to 1987) § 52-225d (b) (1) provided that the trier of fact "shall make separate findings for each claimant specifying the amount of any past economic damages, any future economic damages, any past noneconomic damages and any future noneconomic damages, and any other separate findings of damages directed by the court as necessary to carry out the provisions of this section." The plaintiff argues that, despite his failure to raise

---

[2] Practice Book § 315 provides: "The supreme court shall not be bound to consider error as to the giving of, or the failure to give, an instruction unless the matter is covered by a written request to charge or exception has been taken by the party appealing immediately after the charge is delivered. Counsel taking the exception shall state distinctly the matter objected to and the ground of the objection. Upon request, opportunity shall be given to present the exception out of the hearing of the jury."

Practice Book § 4185 provides in relevant part: "The supreme court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. The supreme court may in the interests of justice notice plain error not brought to the attention of the trial court."

the applicability of § 52-225d (b) (1), the language therein stating that the "trier of fact shall make separate findings . . . specifying the amount of" various damages is mandatory. Thus, he claims, the trial court should have instructed the jury on those provisions sua sponte. He also asserts that he was harmed by the trial court's failure to instruct the jury under subsection (b) (1), since specification of damages was necessary to ensure certain claims under postverdict provisions of the statute. Principal among these claims is that, under General Statutes (Rev. to 1987) § 52-225d (b) (3),[3] he was entitled to have the court add to the verdict "that portion of the attorney's fees related to past economic damages . . . ." According to his argument, the jury's general verdict precluded him from recovering those fees.[4]

---

[3] General Statutes (Rev. to 1987) § 52-225d (b) (3) provides: "The court shall enter judgment in a lump sum for all past economic damages and all past noneconomic damages. The court shall also enter judgment in a lump sum for all future economic damages and future noneconomic damages up to an aggregate of two hundred thousand dollars. The court shall also enter judgment in a lump sum for any litigation expenses for that portion of the attorney's fees related to past economic damages as determined by the court. Payment of that portion of the attorney's fees related to all remaining past noneconomic damages shall, at the discretion of the claimant, be payable in a lump sum or in periodic instalment payments as provided in subsection (d) of this section or in any combination thereof."

[4] The plaintiff also claims that the jury's failure to specify damages precluded the trial court from offsetting the defendant's cost for maintaining collateral sources from the reduction of collateral sources paid to the plaintiff on the portion of the verdict attributable to economic damages. General Statutes (Rev. to 1987) § 52-225a. He also claims that he had the right to have the defendants post and maintain adequate security for the portion of the verdict subject to periodic payments. See General Statutes (Rev. to 1987) § 52-225d (e). We do not review the plaintiff's statutory arguments since he did not raise them below.

Further, we are not unmindful of the fact that at, oral argument, counsel for the defendants acknowledged a statement in the defendants' brief representing the defendants' position at the time the parties argued the plaintiff's various posttrial motions. Defense counsel stated at the posttrial hearing: "My clients are willing to offer him the $375,000 in cash or structure it in any manner acceptable to the Court and Attorney Brennan [plaintiff's

Practice Book § 4185 provides in relevant part that "[t]he supreme court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. The supreme court may in the interest of justice notice plain error not brought to the attention of the trial court." Plain error " 'review is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings.' *State* v. *Hinckley,* 198 Conn. 77, 87–88, 502 A.2d 388 (1985)." *State* v. *Franko,* 199 Conn. 481, 489 n.10, 508 A.2d 22 (1986). "An important factor in determining whether to invoke the plain error doctrine is whether the claimed error 'result[ed] in an unreliable verdict or a miscarriage of justice.' *State* v. *Hinckley,* supra, 88." *Smith* v. *Czescel,* 12 Conn. App. 558, 563, 533 A.2d 223, cert. denied, 206 Conn. 803, 535 A.2d 131 (1987). "[A]n appellant[, however,] should not be allowed to claim as error that which his own action has induced." *Swerdloff* v. *AEG Design/Build, Inc.,* 209 Conn. 185, 191, 550 A.2d 306 (1988).

In the present case, counsel for the plaintiff conferred with the trial court about the jury instructions, participated in the preparation of the instructions, made no relevant objections immediately after the trial court had delivered those instructions, and sat silently by as the verdict was returned, accepted and recorded. "The time has long since passed when a party can sit silent at the close of a charge and, if the verdict proves unpalata-

counsel]. To me, that resolves the whole issue there. We will leave that totally to the option of Attorney Brennan and the Court to structure that money in any way they see—Mr. Brennan or his client sees fit, or to give him the lump sum. I find it hard, therefore, for him to argue that he has somehow been jeopardized if my client is willing to do that." At oral argument, counsel for the defendants represented that his clients were still ready, willing and able to comply with their offer.

ble, thereafter for the first time raise claims of error based on obvious inadvertencies in the charge." *Gigliotti* v. *United Illuminating Co.*, 151 Conn. 114, 121, 193 A.2d 718 (1963). "[In] the interest of justice," we decline to exercise our discretion to review the plaintiff's claim of error. Cf. *Finley* v. *Aetna Life & Casualty Co.*, 202 Conn. 190, 196, 520 A.2d 208 (1987).

There is no error.

In this opinion the other justices concurred.