# STATE OF CONNECTICUT *v.* KEITH DONHUE COOPER
## (AC 20152)

Landau, Dranginis and Healey, Js.

Argued December 13, 2000—officially released July 3, 2001

*Nicholas P. Cardwell*, with whom, on the brief, was *M. Donald Cardwell*, for the appellant (defendant).

*Michael E. O'Hare,* assistant state's attorney, with whom, on the brief, was *Scott J. Murphy,* state's attorney, for the appellee (state).

HEALEY, J. The defendant, Keith Donhue Cooper, appeals from the trial court's denial of his motion to vacate his plea of nolo contendere. On appeal, the defendant argues that his plea was not knowing and voluntary. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the resolution of this appeal. On March 25, 1996, the defendant, who is not a United States citizen,[1] pleaded nolo contendere to an information charging him with one count of possession of marijuana with intent to sell in violation of General Statutes § 21a-277 (b).[2] While he was being represented by counsel, the court canvassed the defendant concerning his plea.

[1] Under General Statutes § 54-1j, our law requires that a trial court give certain instructions on possible immigration and naturalization ramifications in passing on a proffer of a guilty plea or nolo contendere plea.

General Statutes § 54-1j provides: "(a) The court shall not accept a plea of guilty or nolo contendere from any defendant in any criminal proceeding unless the court advises him of the following: 'If you are not a citizen of the United States, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization, pursuant to the laws of the United States.'

"(b) The defendant shall not be required at the time of the plea to disclose his legal status in the United States to the court.

"(c) If the court fails to advise a defendant as required in subsection (a) of this section and the defendant not later than three years after the acceptance of the plea shows that his plea and conviction may have one of the enumerated consequences, the court, on the defendant's motion, shall vacate the judgment, and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty."

[2] General Statutes § 21a-277 (b) provides: "Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with intent to sell or dispense, possesses with intent to sell or dispense, offers, gives or administers to another person any controlled substance, except a narcotic substance, or a hallucinogenic substance other than marijuana, except as authorized in this chapter, may, for the first offense, be fined not more than

On that same day, the court rendered judgment. After the court accepted the plea, it imposed a fine on the defendant of $2500 in accordance with his plea agreement with the state.[3] On April 10, 1996, the defendant paid his fine. On June 28, 1999, more than three years later, the defendant filed a motion to vacate his plea. On October 6, 1999, the court denied his motion. The plaintiff appealed from that denial.

On appeal, the defendant's sole claim is that the court improperly denied his motion to vacate his plea because his plea was not knowingly and voluntarily made. Specifically, he argues that his plea was constitutionally infirm because the court did not canvass him at all as to his waiver of his right to a jury trial, his right to confront the witnesses against him and his right not to incriminate himself. See Practice Book § 39-19;[4] *Boykin* v. *Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969).[5]

---

twenty-five thousand dollars or be imprisoned not more than seven years or be both fined and imprisoned; and, for each subsequent offense, may be fined not more than one hundred thousand dollars or be imprisoned not more than fifteen years, or be both fined and imprisoned."

[3] In sentencing the defendant, the court imposed only the monetary fine. It did not impose any period of incarceration to be served or suspended.

[4] Practice Book § 39-19 provides: "The judicial authority shall not accept the plea without first addressing the defendant personally and determining that he or she fully understands:

"(1) The nature of the charge to which the plea is offered;

"(2) The mandatory minimum sentence, if any;

"(3) The fact that the statute for the particular offense does not permit the sentence to be suspended;

"(4) The maximum possible sentence on the charge, including, if there are several charges, the maximum sentence possible from consecutive sentences and including, when applicable, the fact that a different or additional punishment may be authorized by reason of a previous conviction; and

"(5) The fact that he or she has the right to plead not guilty or to persist in that plea if it has already been made, and the fact that he or she has the right to be tried by a jury or a judge and that at that trial the defendant has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him or her, and the right not to be compelled to incriminate himself or herself."

[5] We will refer to these constitutional rights as *"Boykin"* rights.

I

The state argues on appeal that the trial court lacked subject matter jurisdiction to hear the defendant's motion to vacate because, upon paying the fine, his sentence was fully executed. We disagree.

"If the resolution of a criminal appeal can create collateral consequences prejudicial to the interests of an appellant, jurisdiction over the appeal remains, even if the appellant has already served the sentence given." *State* v. *Reilly*, 60 Conn. App. 716, 724–25, 760 A.2d 1001 (2000). In the present case, at the time the defendant filed his motion to vacate his plea he assumed that the 1997 amendment to General Statutes § 54-1j[6] was not to be applied retroactively and therefore he could rely on subsection (a) of that statute to have the court vacate his plea.[7] Therefore, because of the collateral consequence of possible deportation when a defendant enters a plea of guilty or nolo contendere, the trial court had subject matter jurisdiction to hear the defendant's motion to vacate.

II

The defendant argues on appeal that because he did not knowingly and voluntarily waive his *Boykin* rights, he has an absolute right to withdraw his plea. The defendant's argument founders, however, on an examination of his motion to vacate his plea, the denial of which is the basis of his appeal.[8] A fair reading of his motion

[6] The amendment to General Statutes § 54-1j that the defendant assumed would not be applied retroactively was a three year deadline for filing a motion to vacate a plea. See Public Acts 1997, No. 97-256, § 6. His motion was filed more than three years after the sentencing.

[7] The question of retroactivity was settled by our Supreme Court in *State* v. *Parra*, 251 Conn. 617, 631, 741 A.2d 902 (1999). See footnote 8.

[8] In his motion to vacate his plea, the defendant argued that his plea was invalid because he was not properly advised of the immigration consequences of his plea as required by General Statutes § 54-1j (a). See footnote 1. In his brief, and at oral argument, the defendant withdrew that claim. In *State* v. *Parra*, 251 Conn. 617, 631, 741 A.2d 902 (1999), our Supreme Court concluded that § 54-1j was to be applied retroactively. In the present case,

reveals the defendant's failure to alert the trial court to the *Boykin* claim that he now asserts on appeal.[9] "Pleadings have an essential purpose in the judicial process. . . . The purpose of pleading is to apprise the court and opposing counsel of the issues to be tried . . . ." (Citation omitted; internal quotation marks omitted.) *Thames River Recycling, Inc.* v. *Gallo*, 50 Conn. App. 767, 782–83, 720 A.2d 242 (1998). "It is imperative that the court and opposing counsel be able to rely on the statement of issues as set forth in the pleadings." (Internal quotation marks omitted.) *Board of Police Commissioners* v. *White*, 171 Conn. 553, 557–58, 370 A.2d 1070 (1976). "As Justice Cardozo has written: justice, though due to the accused, is due to the accuser also. *Snyder* v. *Massachusetts*, 291 U.S. 97, 122, 54 S. Ct. 330, 78 L. Ed. 674 (1934). Fairness is a double-edged sword and both sides are entitled to its benefits throughout the trial." (Internal quotation marks omitted.) *State* v. *McClendon*, 199 Conn. 5, 12, 505 A.2d 685 (1986). In an appeal from a trial court's decision on a motion to vacate, which was filed more than three years after the court accepted the defendant's plea, we can address only those issues set forth in the motion that the court heard and decided. See *McNamara* v. *New Britain*, 137 Conn. 616, 618, 79 A.2d 819 (1951); see also *Wilson* v. *Kapetan, Inc.*, 25 Conn. App. 529, 535,

§ 54-1j (c), therefore, is applicable to the defendant because his motion to vacate his plea was filed more than three years after the court accepted the plea. See footnote 1.

It is noteworthy that on September 30, 1999, the defendant filed a memorandum in support of his motion to vacate his plea. Although he argues in that memorandum that his plea was not knowingly and voluntarily made, his only argument in support thereof is that he did not want to plead guilty. He did not inform the trial court of any other reasons why his plea was not knowing or voluntary. On appeal, he does not raise the claim that he did not want to plead guilty.

[9] It is significant that the record discloses that the defendant first asserts this *Boykin* claim in his appellate brief to this court. See, e.g., *State* v. *Rodriguez*, 61 Conn. App. 700, 713, 767 A.2d 756 (2001).

595 A.2d 369 (1991). Because the *Boykin* issue was not first raised in his motion to vacate, the defendant cannot rely on that claim to challenge the denial of that motion on appeal.[10]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[10] We offer no opinion as to whether the defendant may seek, in another proceeding, the relief he requested.