## STATE OF CONNECTICUT *v.* KENNOLLEY BROOKS
### (AC 23994)

Flynn, West and Hennessy, Js.

Argued February 17—officially released March 16, 2004

*James B. Streeto*, assistant public defender, for the appellant (defendant).

*Denise B. Smoker*, assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Cathryn J. Krinitsky*, senior assistant state's attorney, for the appellee (state).

### Opinion

PER CURIAM. The trial court's judgment of conviction is reversed. The defendant, Kennolley Brooks, appeals from the judgment of conviction rendered after he entered a plea of guilty to the crimes of possession of a controlled substance in violation of General Statutes § 21a-279 (c) and breach of the peace in violation of

General Statutes (Rev. to 2001) § 53a-181. The defendant claims, inter alia, that his constitutional rights were violated by the court's insufficient explanation to him of the rights that he waived upon entering the guilty plea.

"The question of an effective waiver of a federal constitutional right in a proceeding is of course governed by federal standards. *Douglas* v. *Alabama,* [380 U.S. 415, 422, 85 S. Ct. 1074, 13 L. Ed. 2d 934 (1965)]." *Boykin* v. *Alabama,* 395 U.S. 238, 243, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). "Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. *Malloy* v. *Hogan,* [378 U.S. 1, 84 S. Ct. 1489, 12 L. Ed. 2d 653 (1964)]. Second, is the right to trial by jury. *Duncan* v. *Louisiana,* [391 U.S. 145, 88 S. Ct. 1444, 20 L. Ed. 2d 491 (1968)]. Third, is the right to confront one's accusers. *Pointer* v. *Texas,* [380 U.S. 400, 85 S. Ct. 1065, 13 L. Ed. 2d 923 (1965)]. We cannot presume a waiver of these three important federal rights from a silent record." *Boykin* v. *Alabama,* supra, 243.

The defendant contends, and the state concedes, that the court gave insufficient advice to the pro se defendant regarding two of his core *Boykin* rights, namely, his right to confront the state's witnesses against him and his privilege against self-incrimination. Without a record indicating that he understood those rights and voluntarily waived them, the conviction cannot stand.

The judgment is reversed and the case is remanded for further proceedings in accordance with law.