## STATE OF CONNECTICUT *v.* KENNOLLEY O. BROOKS
### (AC 24873)

Schaller, McLachlan and Dupont, Js.

Argued February 15—officially released June 7, 2005

*Sandra J. Crowell*, assistant public defender, with whom was *Kalisha R. Raphael*, assistant public defender, for the appellant (defendant).

*Christopher T. Godialis*, assistant state's attorney, with whom, on the brief, were *Kevin T. Kane*, state's attorney, and *Thomas M. Griffin*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

DUPONT, J. The defendant, Kennolley O. Brooks, appeals from the judgment of the trial court dismissing his motion to withdraw his plea of guilty and denying his alternative petition for a writ of error coram nobis. The defendant claims on appeal that the court improperly dismissed the motion and denied the petition because (1) his right to counsel guaranteed by the sixth and fourteenth amendments to the United States constitution was not waived, and (2) he was eligible for the

pretrial drug education program, which would have led to the dismissal of the charge against him.[1] We affirm the judgment of the trial court.

The primary issue in this appeal is whether the defendant's plea of guilty, without the assistance of counsel, and the fine imposed pursuant to that plea required the granting of his motion to withdraw his plea.[2] The answer turns on whether the plea led to an actual deprivation of his liberty[3] in violation of his constitutional right to counsel or his right to counsel pursuant to General Statutes § 51-296.[4] The secondary issue is whether the

[1] The defendant asserts that the court improperly dismissed his motion to withdraw his plea because he was eligible for the pretrial drug education program. As we will discuss, there are two exceptions to the rule prohibiting the withdrawal of a guilty plea after the close of the proceeding: (1) where there is a legislative grant of authority or (2) where it is clear on the record that the defendant's constitutional rights were violated. The defendant provides no authority, and we are aware of no such authority, establishing a constitutional right to a pretrial drug education program as an alternative to the imposition of a fine or imprisonment. There also is no specific legislative grant of authority that would allow a defendant to withdraw a guilty plea after the close of proceedings on that ground. We conclude, therefore, that the court properly dismissed the defendant's motion to withdraw his guilty plea with respect to that claim.

[2] The court rendered a judgment of dismissal on the motion to withdraw the plea rather than a denial of it because the defendant already had paid the fine when he filed the motion, thereby stripping the court of jurisdiction to entertain the motion. See *State* v. *Luzietti*, 230 Conn. 427, 432, 646 A.2d 85 (1994).

[3] The United States Immigration and Naturalization Service initiated removal proceedings against the defendant based, in part, on the conviction that is the subject of this appeal. In connection with those proceedings, the defendant was detained for a period of time before he was deported to Jamaica on January 8, 2004. We conclude that the defendant's appeal is not moot because the defendant, who is not a United States citizen, was subjected to the collateral consequences of deportation, and was, in fact, deported. See *State* v. *Cooper*, 64 Conn. App. 121, 124, 779 A.2d 789 (2001).

[4] General Statutes § 51-296 provides in relevant part: "Designation of public defender for indigent defendant, codefendant. (a) In any criminal action . . . the court before which the matter is pending shall, if it determines after investigation by the public defender or his office that a defendant is indigent as defined under this chapter, designate a public defender, assistant public defender or deputy assistant public defender to represent such indigent defendant, unless, in a misdemeanor case, at the time of the application for appointment of counsel, the court decides to dispose of the pending

defendant's petition for a writ of error coram nobis should have been granted because the judgment of conviction was void or voidable.

The following factual and procedural history is relevant to our disposition of the defendant's claims on appeal. On July 6, 2000, the defendant entered a guilty plea to one count of possession of less than four ounces of marijuana in violation of General Statutes § 21a-279 (c), and was fined $100, which the defendant paid that same day. The defendant did not receive any jail time. At the time the defendant entered the plea of guilty, he was a resident alien and he was not represented by counsel. It is that conviction and the defendant's plea of guilty that are the subject of this appeal.

The defendant had been convicted of the same offense on September 17, 1996, and was convicted twice subsequently of the same offense on June 14 and September 17, 2001. The defendant received a sentence of one year of incarceration in connection with the June 14, 2001 conviction, which this court later reversed in *State* v. *Brooks*, 82 Conn. App. 93, 842 A.2d 631 (2004). As of the date of the reversal, the defendant had completed his sentence.

The United States Immigration and Naturalization Service, on the basis of the above referenced convictions, instituted removal proceedings. In a document titled "Notice to Appear," dated January 23, 2002, the United States charged that the defendant was "subject to removal from the United States" pursuant to "section

charge without subjecting the defendant to a sentence involving immediate incarceration or a suspended sentence of incarceration with a period of probation or the court believes that the disposition of the pending case at a later date will not result in a sentence involving immediate incarceration or a suspended sentence of incarceration with a period of probation and makes a statement to that effect on the record. . . ." We note that the defendant did not raise any such argument in the motion that is the subject of this appeal.

237 (a) (2) (A) (iii) of the Immigration and Nationality Act, as amended [8 U.S.C. § 1101 et seq.], in that, at any time after admission, [the defendant had] been convicted of an aggravated felony as defined in section 101 (a) (43) (B) of the Act, that is, an offense relating to the illicit trafficking in a controlled substance, as described in section 102 of the Controlled Substances Act [21 U.S.C. § 802], including a drug trafficking crime, as defined in section 24 (c) of Title 18, United States Code." At the time removal proceedings were initiated against the defendant, his sentence arising out of the June 14, 2001 conviction had commenced. The defendant was deported to Jamaica in January, 2004.

On July 10, 2003, the defendant filed a pleading titled "Motion to Withdraw Plea or Alternatively Petition for Writ of Error Coram Nobis," claiming that his sentence and judgment of conviction was " 'void or voidable.' " As of that date, the defendant was being held on an immigration detainer at the Osborn Correctional Institution and had been ordered deported. The defendant claimed in his motion and petition that (1) his waiver of his right to counsel was inadequate, (2) he is innocent and (3) he was eligible for the pretrial drug rehabilitation program. The court heard arguments on July 10, 2003, and in a memorandum of decision filed November 10, 2003, dismissed the defendant's motion and denied his petition. This appeal followed.

I

MOTION TO WITHDRAW GUILTY PLEA

The defendant claims that the court improperly concluded that he did not have a right to counsel, given the facts at the time he entered his plea. Specifically, the defendant argues that contrary to the court's conclusion, he had a right to counsel because (1) the court sought a waiver of counsel at the time of his plea and sentencing, (2) the court did not state on the record

that he would not be incarcerated as a result of the conviction and (3) he was actually imprisoned. The defendant further contends that the court's determination that he did not have a right to counsel is not supported by § 51-296 (a), which he claims provides a right to counsel in any criminal proceeding.

We begin with the applicable standard of review. "A . . . plea, once accepted, may be withdrawn only with the permission of the court. . . . The court is required to permit the withdrawal of a guilty plea upon proof of any ground set forth in Practice Book § [39-27]. . . . Whether such proof is made is a question for the court in its sound discretion, and a denial of permission to withdraw is reversible only if that discretion has been abused. . . . The burden is always on the defendant to show a plausible reason for the withdrawal of a plea of guilty." (Citation omitted; internal quotation marks omitted.) *State* v. *Winer*, 69 Conn. App. 738, 744, 796 A.2d 491, cert. denied, 261 Conn. 909, 806 A.2d 50 (2002). "Practice Book § 39-26 specifically prohibits the withdrawal of a plea of guilty or nolo contendere after the conclusion of the proceeding at which the sentence was imposed. Our case law, however, has recognized an exception to this rule when it is clear on the record that the defendant's constitutional rights were violated by an improper canvass and a failure to advise the defendant of the consequences of his plea." (Internal quotation marks omitted.) *State* v. *Perez*, 85 Conn. App. 27, 37, 856 A.2d 452, cert. denied, 271 Conn. 933, 859 A.2d 931 (2004).

In reviewing the defendant's claims on appeal, therefore, we begin, as the court did, with the question of whether the defendant had a constitutional right to counsel in this case. In *Alabama* v. *Shelton*, 535 U.S. 654, 122 S. Ct. 1764, 152 L. Ed. 2d 888 (2002), the United States Supreme Court reiterated its long and well established doctrine concerning the sixth amendment right

to counsel. "In *Gideon* v. *Wainwright*, 372 U.S. 335, 344–45 [83 S. Ct. 792, 9 L. Ed. 2d 799 (1963), the court] held that the Sixth Amendment's guarantee of the right to state-appointed counsel, firmly established in federal-court proceedings in *Johnson* v. *Zerbst*, 304 U.S. 458 [58 S. Ct. 1019, 82 L. Ed. 1461] (1938), applies to state criminal prosecutions through the Fourteenth Amendment. [The court] clarified the scope of that right in *Argersinger* [v. *Hamlin*, 407 U.S. 25, 92 S. Ct. 2006, 32 L. Ed. 2d 530 (1972)], holding that an indigent defendant must be offered counsel in any misdemeanor case that actually leads to imprisonment. . . . Seven Terms later *Scott* [v. *Illinois*, 440 U.S. 367, 99 S. Ct. 1158, 59 L. Ed. 2d 383 (1979)] confirmed *Argersinger*'s delimit[ation] . . . . Although the governing statute in *Scott* authorized a jail sentence of up to one year . . . [the court] held that the defendant had no right to state-appointed counsel because the sole sentence actually imposed on him was a $50 fine . . . . Even were the matter res nova, [the court] stated, the central premise of *Argersinger*—that actual imprisonment is a penalty different in kind from fines or the mere threat of imprisonment—is eminently sound and warrants adoption of actual imprisonment as the line defining the constitutional right to appointment of counsel in nonfelony cases. . . .

"Subsequent decisions have reiterated the *Argersinger-Scott* actual imprisonment standard. . . . It is thus the controlling rule that absent a knowing and intelligent waiver, no person may be *imprisoned* for any offense . . . unless he was represented by counsel at his trial." (Citations omitted; emphasis added; internal quotation marks omitted.) *Alabama* v. *Shelton*, supra, 535 U.S. 661–62. The *Shelton* court further stated that "the Sixth Amendment inquiry trains on the stage of the proceedings corresponding to [the defendant's] trial, where his guilt was adjudicated, eligibility for

imprisonment established, and prison sentence determined." Id., 665.

As in *Scott*, the governing statute in this case, § 21a-279 (c),[5] authorized that a defendant be sentenced to "not more than one year, or be both fined and imprisoned; and for a subsequent offense, may be fined not more than three thousand dollars or be imprisoned not more than five years, or be both fined and imprisoned." As previously stated, however, the court imposed a $100 fine, with no sentence of imprisonment. The mere fact that the court *could have* sentenced the defendant to a term of imprisonment, therefore, is irrelevant to our sixth amendment analysis.

The defendant's principal argument is that because his plea of guilty in this case resulted in the commencement of removal proceedings against him, which in turn resulted in a period of incarceration, he had, at the time he entered his plea, a right to counsel. We are not persuaded. First, and most obvious, the court did not sentence the defendant to a term of imprisonment but rather imposed a fine of $100. Second, there is no direct nexus between the defendant's guilty plea and conviction and the subsequent removal proceedings, including temporary incarceration, which were instituted two years later. The "Notice to Appear" cited, as grounds for instituting the removal proceeding, *all four* of the defendant's convictions for being in possession of a controlled substance. Furthermore, the sixth amend-

---

[5] General Statutes § 21a-279 provides in relevant part: "Penalty for illegal possession. Alternative sentences. . . . (c) Any person who possesses or has under his control any quantity of any controlled substance other than a narcotic substance, or a hallucinogenic substance other than marijuana or who possesses or has under his control less than four ounces of a cannabis-type substance, except as authorized in this chapter, for a first offense, may be fined not more than one thousand dollars or be imprisoned not more than one year, or be both fined and imprisoned; and for a subsequent offense, may be fined not more than three thousand dollars or be imprisoned not more than five years, or be both fined and imprisoned."

ment inquiry "trains on the stage of the proceedings corresponding to [the defendant's] trial, where his guilt was adjudicated, eligibility for imprisonment established, and prison sentence determined." *Alabama* v. *Shelton*, supra, 535 U.S. 665. That proceeding took place on July 6, 2000, when the defendant's guilt was adjudicated and a fine imposed. In addition, at the time of the defendant's plea and fine, the court advised the defendant that his guilty plea "could result in deportation, exclusion or denial of naturalization."

The defendant would like this court to extend the sixth amendment inquiry to subsequent proceedings that might result in "actual imprisonment." The Supreme Court rejected a similar argument in *Nichols* v. *United States*, 511 U.S. 738, 746–47, 114 S. Ct. 1921, 128 L. Ed. 2d 745 (1994), in which it held that a sentencing court may, consistent with the sixth and fourteenth amendments, consider a defendant's previous uncounseled misdemeanor conviction in sentencing him for a subsequent offense as long as the previous uncounseled misdemeanor conviction did not result in a sentence of imprisonment. Implicit in the *Nichols* decision is that a prior uncounseled misdemeanor conviction that is constitutional at the time of the conviction does not later become unconstitutional because it became a factor in a separate proceeding that did result in imprisonment.

Finally, we turn our attention to the defendant's claim that the court's determination that he did not have a right to counsel is not supported by § 51-296 (a). The relevant language relied on by the defendant provides: "In any criminal action . . . the court before which the matter is pending shall . . . designate a public defender, assistant public defender or deputy assistant public defender to represent such indigent defendant, unless, in a misdemeanor case, at the time of the application for appointment of counsel, the court decides

to dispose of the pending charge without subjecting the defendant to a sentence involving immediate incarceration *or* a suspended sentence of incarceration with a period of probation *or* the court believes that the disposition of the pending case at a later date will not result in a sentence involving immediate incarceration or a suspended sentence of incarceration with a period of probation and makes a statement to that effect on the record. . . ." (Emphasis added.) General Statutes § 51-296 (a). The defendant contends in his brief that "the sentencing court did not make a statement that [he] would not be incarcerated, but instead sought a waiver of the right to counsel from [him]."

"When construing a statute, we first look to its text, as directed by [General Statutes § 1-2z], which provides: 'The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered.' When a statute is not plain and unambiguous, we also seek interpretive guidance from the legislative history of the statute and the circumstances surrounding its enactment, the legislative policy it was designed to implement, the statute's relationship to existing legislation and common-law principles governing the same general subject matter." *Teresa T.* v. *Ragaglia*, 272 Conn. 734, 742, 865 A.2d 428 (2005).

On the basis of our review of the record, we conclude that the court did not violate the requirements of § 51-296 (a). Section 51-296 (a) clearly establishes three exceptions to the indigent defendant's right to counsel. The court need not appoint counsel in a misdemeanor case, if "the court decides to dispose of the pending charge without subjecting the defendant to a sentence

involving immediate incarceration . . . ." General Statutes § 51-296 (a). That is precisely what occurred in this case. The court disposed of the charge against the defendant without subjecting him to a sentence of immediate incarceration, imposing instead a $100 fine.

We are not persuaded by the defendant's contention that the court's failure to state on the record that the defendant would not be incarcerated violated § 51-296. First, by imposing a fine, and not a sentence of incarceration, the court did make a statement on the record that the defendant would not be subject to immediate incarceration. Second, the requirement of § 51-296 (a) that the court make such a statement on the record is reserved for those instances in which "the court believes that the disposition *of the pending case at a later date* will not result in a sentence involving immediate incarceration or a suspended sentence of incarceration with a period of probation . . . ." (Emphasis added.) General Statutes § 51-296 (a). In this case, the court was not faced with a situation in which it was forced to make a determination that the disposition of the pending case against the defendant *at a later date* would not result in immediate incarceration because the court, itself, disposed of the case with a $100 fine.

## II

### WRIT OF ERROR CORAM NOBIS

The defendant claims that the court improperly denied his petition for a writ of error coram nobis. Specifically, the defendant claims that the court should have granted his petition because "the judgment of conviction of one count of possession of less than four ounces of marijuana . . . is void or voidable." We disagree.

"A writ of error coram nobis is an ancient common-law remedy which authorized the trial judge, within

three years, to vacate the judgment of the same court if the party aggrieved by the judgment could present facts, not appearing in the record, which, if true, would show that such judgment was void or voidable. . . . The facts must be unknown at the time of the trial without fault of the party seeking relief. . . . A writ of error coram nobis lies only in the unusual situation where no adequate remedy is provided by law." (Citations omitted; internal quotation marks omitted.) *State* v. *Henderson*, 259 Conn. 1, 3, 787 A.2d 514 (2002). "The facts which may be so presented by such a writ of error are few. They are limited to such facts [that] were not presented to the court upon the trial or the original action, and which show that the party either had no legal capacity or no legal opportunity to appear, or that the court had no power to render the judgment complained of." *Montville* v. *Alpha Mills Co.*, 86 Conn. 229, 233, 84 A. 933 (1912).

In support of his petition, the defendant asserts that certain facts, allegedly unknown at the time he entered his plea of guilty, render the judgment of conviction void or voidable. Specifically, the defendant claims that he did not know that (1) he would "lose his liberty for over a year because of the conviction in this case" and (2) he was unaware of his eligibility for the pretrial drug education program. On the basis of those "unknown" facts, the defendant asserts that his conviction is void or voidable. See *State* v. *Henderson*, supra, 259 Conn. 3.

First, the defendant's assertion that he suffered a loss of liberty as a result of the conviction that is the subject of this appeal is misleading. As noted previously, removal proceedings were initiated against the defendant as a result of four convictions, on four separate occasions, of possession of a controlled substance. The loss of liberty to which the defendant refers is the imprisonment that resulted from the removal proceed-

ings. At the time the defendant entered his plea of guilty, the court asked the defendant: "Do you understand that if you're not a citizen of the United States, your conviction could result in deportation, exclusion or denial of naturalization?" to which the defendant responded, "Yes." The defendant, therefore, indicated to the court that he understood that deportation was a possible consequence of his decision to plead guilty. We conclude that the subsequent imprisonment of the defendant in connection with the removal proceeding cannot serve as the basis for the extraordinary remedy of a petition for a writ of error coram nobis.

The defendant also claims that he did not know of his eligibility for the pretrial drug education program as an alternative to pleading guilty and asserts that unknown fact as a ground for granting his petition for a writ of error coram nobis. The court concluded, however, that "while the defendant may have been eligible, by statute, for this program, it is a matter of speculation that the court would have granted an application for the program. The granting of such an application lies within the discretion of the court, and the defendant's prior conviction for possession of marijuana certainly could have justified the court's denial of the application." Moreover, the defendant cites no authority, and we are aware of no such authority, that a judgment of conviction following a plea of guilty by a person who was not aware of his eligibility for the pretrial drug education program renders the judgment of conviction void or voidable, a prerequisite for relief on a petition for a writ of error coram nobis.

The judgment is affirmed.

In this opinion the other judges concurred.